## Collins v. Conley.

(Decided November 16, 1926.)

### Appeal from Knott Circuit Court.

1. Appeal and Error.—Commissioner's report in circuit court is not reviewable, except where exceptions have been duly saved.

2. Appeal and Error—Error in Rendering Judgment for Larger Sum than Prayed for May be Corrected in Circuit Court, and Until There Presented Cannot be Considered by Court of Appeals.—Judgment rendered for larger sum or for more interest than prayed in petition may be corrected in circuit court by motion on reasonable notice to adverse party as containing a clerical misprision, and until so presented in circuit court it cannot be considered by Court of Appeals.

3. Reference.—Appellant prevented by misfortune or casualty, or by any other cause specified in Civil Code of Practice, section 518, from filing exceptions to commissioner's report before it was confirmed, may have remedy as provided in that section

S. S. WILLIS and A. R. JOHNSON for appellant.

A. J. MAY for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Affirming.

E. P. Collins brought this suit on April 5, 1917, against R. L. Conley, charging in his petition that they were partners in a certain business which was unsettled, praying a settlement of the partnership and judgment against the defendant for $1,169.12, for money which he had furnished. Conley, on December 3, 1917, filed an answer denying the allegations of the petition as to the

money furnished him. By a counterclaim he pleaded that he had furnished certain money; that on a settlement of the partnership the plaintiff was indebted to him in the sum of $3,467,38, also that the plaintiff abandoned the business and thereby unnecessary expenses had resulted in the sum of $1,000.00, for one-half of which he also prayed judgment on the settlement of the partnership. A reply was filed making up the issues and the case was referred to the master commissioner to make a settlement of the partnership. On April 2, 1918, the time was extended to the commissioner to take the proof and make a report. Similar orders were made from time to time and on April 21, 1923, the commissioner filed his report showing a balance due Conley from Collins of $4,469.94. On July 26, 1923, the defendant moved the court to confirm the commissioner's report filed at the former term of the court; no exceptions having been filed thereto, and the report having lain over the proper time for exceptions judgment was entered in favor of Conley against Collins for $4,469.94, with interest at 6% from April 5, 1917, until paid, and his cost. On July 16, 1925, Collins filed the record in this court and sued out an appeal.

It is earnestly insisted that the master commissioner's report is clearly unsupported by the evidence taken by him, but back of this is the question, can Collins complain of the commissioner's report in this court when he filed no exceptions to the report in the circuit court? In 21 C. J. 618, the rule is thus stated:

"As a general proposition in order to obtain a review of the findings or recommendations of a master specific exceptions to his report must be filed. All findings of fact not excepted to will be accepted as true by the court, and the parties to the suit are concluded thereby."

To the same effect is 10 R. C. L., page 517:

"When there is in the master's report a mistake or error which can be pointed out in the report itself or in any document contained in the record, the party aggrieved should resort to the use of exceptions, since findings of the master on questions of fact are always binding where no exceptions are taken, or where they are improperly taken, and only such matters of law and of fact as are brought before the court by exceptions will be reviewed."

So far as we have been able to find the authorities are clear and consistent on this question. The reason for the rule is that the appellate court simply reviews the action of the circuit court. An exception to the report was necessary to require the circuit court to review the findings of the commissioner; for the court properly assumed that the commissioner's report was correct when it was not complained of. For the parties to allow the commissioner's report to be confirmed without exception and then for the first time present their objections to the report in this court, by way of a brief, would be to require this court in the first instance to try the merits of the case when there had been no trial in the circuit court. This cannot be done.

Where a judgment is rendered for a larger sum or for more interest than is prayed in the petition this may be corrected as a clerical misprision in the circuit court by motion on reasonable notice to the adverse party. But until this is so presented to the circuit court it cannot be considered by this court. Jewell v. Cecil, 177 Ky. 822, and cases cited. This is a more expeditious way of correcting such errors and involves less cost.

If appellant was prevented by misfortune or casualty, or by any of the other causes specified in section 518 of the Code, from filing his exceptions to the commissioner's report before it was confirmed, he may have remedy as provided in that section.

Judgment affirmed.