UNITED STATES of America, Appellant,

v.

CENTRAL BANK & TRUST COMPANY, Appellee.

Court of Appeals of Kentucky.

June 28, 1974.

Eugene E. Siller, Jr., U. S. Atty., Lexington, Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, Crombie J. D. Garrett, Murray S. Horwitz, Dept. of Justice, Washington, D. C., for appellant.

Fred J. Coplin, Lexington, Mae Briscoe Burns, Ky. Dept. of Revenue, Frankfort, Spencer D. Noe, Strother, Oliver & Strother, Marvin Henderson, William O. Gilbreath, Moloney & Moloney, Michael L. Ades, Lexington, for appellee.

CATINNA, Commissioner.

Central Bank & Trust Company filed an action against Marvin L. Cassell and Lois E. Cassell, his wife, seeking to enforce payment of a note secured by a mortgage on a tract identified as Landsdowne Estates No. 8. Central sought to have its mortgage lien declared a first and prior lien and the property sold pursuant to the mortgage note and agreement. Central also claimed an execution lien on the property. Central named as defendants numerous other parties who were asserting claims and liens against Cassell and Landsdowne No. 8.

All of the defendants with the exception of Cassell answered and by counterclaim or cross-claim asserted liens against Landsdowne No. 8 to secure them in the payment of sums due. Each pleading asserted the lien of the claimant to be prior and superior to those of other claimants.

The trial court's judgment and order of sale awarded to each party the amount sought in its pleading and adjudged the amount to be secured by a lien on Landsdowne No. 8. The Greater Louisville First Federal Savings and Loan Association was adjudged to have a first and prior lien on the property, while Central was adjudged a lien on its mortgage inferior only to that of Greater Louisville. The court reserved for further consideration the priority of liens adjudged First Security National Bank & Trust Company; C. B. McEachin; Commonwealth of Kentucky; United States of America; Ed Dunsmore; Douglas Insurance Agency; and Central Bank upon its execution lien. The real estate was sold, and after payment of the claims of Greater Louisville and Central, there remained a balance of $10,969.78 to be distributed to the other lien holders. This was far less than the total amount adjudged them. Consequently, the priority of the liens asserted became of paramount importance.

On October 7, 1970, the trial court referred the action to the master commissioner "to conduct a hearing to determine the priorities herein."

On December 4, 1970, the master commissioner filed his report which recited that the action had been referred to him for the purpose of determining the priorities of lien holders to the sum of $10,969.78; that pursuant to notice dated November 25, 1970, a hearing had been held on December 3, 1970, for the purpose of determining priorities; and that all claimants were present and represented by counsel except the United States of America and Dunsmore. The commissioner recommended disallowance of the claimed priority of the United States in the following language:

"In time sequence, the next recorded lien was the United States Tax Lien filed of record on October 14, 1967, for deficient income taxes against Marvin L. Cassell and Lois E. Cassell for the year 1966. The United States did not respond to the notice for proof of this claim and the claim should, therefore, be dismissed."

The report was amended on December 10, 1970, for the purpose of correcting an oversight involving one of the other lien holders, but there was no change made insofar as the United States was concerned.

The United States was aware of the report and amended report, but it took no steps to object to the findings of the master commissioner and his recommendations as to lien priorities, even though CR 53.04

**214**

provided that written objections to the report should be filed within ten days from the date the report was submitted to the court. On December 31, 1970, the United States filed a motion asking that the court grant it additional time within which to prove its claim. This motion was served on all the parties as of December 31, 1970, and set for a hearing on January 8, 1971. The record does not indicate that the motion was ever brought on for a hearing.

On May 19, 1971, Central Bank served its motion on all the parties, including United States, asking that the report of the commissioner be confirmed, and on June 11, 1971, the court affirmed the commissioner's report.

The United States appeals upon two grounds:

"I. The Circuit Court abused its discretion when it confirmed the Master Commissioner's report denying the United States' claim against the subject fund solely because the United States failed to appear at a scheduled hearing to determine the priority of lien holders when all the relevant facts as to the United States' claim were already before both the Master Commissioner and the Circuit Court.

II. The confirmation of the findings of the Master Commissioner's report regarding the dismissal of the United States' tax lien claim and the determination of the order of priority should be reversed, since they are clearly erroneous."

It is our opinion that by reason of its failure to file written objections to the Commissioner's report, the United States is precluded from questioning on appeal the action of the circuit court in confirming the commissioner's denial of any priority to the United States. Collins v. Conley, 216 Ky. 582, 288 S.W. 316 (1926).

The judgment is affirmed.

All concur.