Alma Jane Dishon GODERWIS,
Appellant/Cross Appellee,

v.

Donald Ray GODERWIS,
Appellee/Cross
Appellant.

Nos. 88–SC–322–DG, 88–SC–778–DG.

Supreme Court of Kentucky.

Nov. 9, 1989.

William D. Hillmann, Osborne, Hillmann
& Trusty, Covington, for appellant/cross
appellee.

Frank A. Wichmann, Frank A. Wich-
mann, P.S.C., Covington, for appellee/cross
appellant.

WINTERSHEIMER, Justice.

This appeal is from a decision of the
Court of Appeals which determined that
the business assets of an auto repair ga-
rage were entirely nonmarital but that cer-
tain real property was marital and there-
fore subject to distribution.

This case squarely presents the question
of whether any portion of the increase in
value during a marriage of a business
owned by a spouse prior to marriage can be
awarded to the other spouse as marital
property on the basis of her contribution as
a homemaker.

During the course of the parties 18 year
marriage, the business solely owned by the
husband prior to the marriage grew to a
value of $416,500 at the time of the divorce.
The husband takes full credit for the
growth of the business indicating that he
was the corporation and that his wife took
no active role in the operation of the busi-
ness. It is undisputed that the wife cared
for the four children of the marriage and
the husband's son from a previous mar-
riage, and that she was a good housekeeper

and cook. Although the parties had other assets, including residential real estate, the matters in issue relate to the garage business and the commercial real estate on which it is located.

The trial court ruled that the increase in the value of the business assets owned by the husband at the time of the marriage was marital property and should be distributed according to the formula set forth in *Brandenburg v. Brandenburg*, Ky.App., 617 S.W.2d 871 (1981). The Court of Appeals reversed this part of the judgment determining that the increased value was nonmarital in nature and also cited *Brandenburg, supra*. The Court of Appeals reversed and remanded the decision of the trial judge that the assignment of real property at 39 Erlanger Avenue was marital property subject to division using the *Brandenburg* formula. The Court of Appeals also reversed the trial court in regard to the 37 Erlanger property holding that it was nonmarital.

There has been a certain amount of confusion on the question of how to treat business property which is the primary occupation of one spouse during marriage but which was acquired prior to marriage when it increases in value during the marriage.

This is not a *Brandenburg* case. The problem with applying Brandenburg to this fact pattern is the difference in the nature of the nonmarital property. *Brandenburg* involved three pieces of rental property owned by the husband before the marriage which increased in value during the marriage. This case involves the business of the husband to which he devoted all his time during the marriage. The fact that it was started before marriage, does not render the entire growth of the business over the course of the parties' 18–year marriage, nonmarital. Here, the auto repair business was the principal source of the marital funds. Accordingly the wife could contribute to the marital assets in her role as a homemaker.

K.R.S. 403.190(2) provides:

For the purposes of this chapter "marital property" means all property acquired by either spouse subsequent to the marriage except ... (e). The increase in value of property acquired before the marriage to the extent that such increase did not result from the efforts of the parties during marriage.

■ The trial judge correctly held pursuant to K.R.S. 403.190(2), that the increase in value during the marriage of the garage business valued at $416,500, was due to the joint efforts of the parties and consequently marital property. Accordingly, the statutory exception found in subsection 2(e) was not applicable.

■ *Smith v. Smith*, Ky., 497 S.W.2d 418 (1973), holds that where the value of property increases after marriage due to general economic conditions, such increase is not marital property, but the opposite is true when the increase in value is a result of the joint efforts of the parties. An increase in value of nonmarital property may be marital or nonmarital depending on *why* the increase in value occurred. *Stallings v. Stallings*, Ky., 606 S.W.2d 163 (1980).

■ An increase in value of nonmarital property during marriage which is the result of a joint effort of the parties establishes the increase in value of the nonmarital property as marital property. The efforts of the parties may include the contribution of one spouse as a primary operator of the business and the other spouse as primarily a homemaker.

The increase in value of the garage business was due to the addition of marital assets, i.e., the husband's services to produce revenues and the use of business income to accumulate cash and fixed assets within the business. Although factually distinguishable, *Sousley v. Sousley*, Ky., 614 S.W.2d 942, 944 (1981) held that, "income produced from nonmarital property is, in fact, marital property for purposes of disposition of property pursuant to the directives of K.R.S. 403.190."

We remand this matter to the trial court. At trial the husband did not prove the value of the garage business at the time of the marriage other than to state that the

business was "ready to take off." On retrial, the husband may introduce evidence in regard to the value of the business at the time of the marriage. The increase in value of the business during marriage will be considered marital property. The trial court may also modify its orders in regard to maintenance and child support in light of this modification in the amount of marital assets to be divided between the parties.

■ Regarding the business real estate at 37 Erlanger Street, the result reached by the Court of Appeals was proper. The property and building were owned by the husband prior to the marriage. Unlike the business entity, there is no evidence in the record to indicate that any marital assets were used to enhance the value of the realty. The necessary conclusion is that the increase was caused solely by general economic growth.

■ The disposition by the trial court of the business real estate at 39 Erlanger street was correct but the rationale was flawed. The parcel was originally purchased by the husband but conveyed to the corporation prior to the marriage, thus becoming a corporate asset. During the marriage, the husband and wife purchased the property from the corporation, taking title in the name of the husband. The wife testified that she wrote a check for the purchase price of $27,000 from the joint account of the parties. The husband claims that the funds in the joint account came from his sale to the corporation of corporate stock he owned prior to marriage and that the funds originated from the husband's sale of premarital corporate stock to an employee stock ownership plan. The trial court found that the property at 39 Erlanger Street was subject to division as marital property. It erred in applying a *Brandenburg* test when it should have simply divided the value between the parties. The basic finding of the trial court was not clearly erroneous and should not be set aside. CR 52.01. The presumption of K.R.S. 403.190(3) was not overcome by the husband. Therefore, on remand the trial court should divide the marital property at 39 Erlanger Street between the parties in just proportions.

The decision of the Court of Appeals is reversed in part and affirmed in part.

All concur.