Jacquelyn Ann BREWICK (now Dame), Appellant/Cross–Appellee,

v.

Harold Laverne BREWICK, Appellee/Cross–Appellant.

Nos. 2002–CA–001835–MR, 2002–CA–001889–MR.

Court of Appeals of Kentucky.

Nov. 14, 2003.

---

**8.** *Citizen's National Bank, supra,* n. 2, 77 Ill. App.3d at 57, 32 Ill.Dec. 740, 395 N.E.2d at 1122.

Albert W. Barber, III, Owensboro, KY, for appellant/cross-appellee.

Christopher G. Safreed, Owensboro, KY, for appellee/cross-appellant.

Before BUCKINGHAM and GUIDUGLI, Judges; and MILLER, Senior Judge.[1]

*OPINION*

BUCKINGHAM, Judge.

Jacquelyn Ann Brewick (now Dame) appeals and Harold Laverne Brewick cross-appeals from a divorce decree entered by the Daviess Circuit Court. Jacquelyn challenges the court's finding that one-half of the 112–acre tract was classified as non-marital property belonging to Harold, and Harold challenges the court's failure to address his claim that the commissioner erroneously awarded him a nine-foot disc mower valued at $1,500. We affirm.

Jacquelyn and Harold were married on December 18, 1982. They separated on May 1, 2001, and Jacquelyn filed a petition for dissolution of marriage on May 8, 2001. The final decree was entered by the court on August 5, 2002.

Jacquelyn's appeal relates solely to the court's determination as to her interest in the 112–acre tract. Harold and his sister, Marilyn Farlow, jointly owned the tract prior to the marriage of Jacquelyn and Harold.[2] On October 27, 1981, Harold and his sister conveyed the 112–acre tract to the Clines. According to the deed, the property was conveyed with general warranty, and Harold and his sister retained a lien to secure the payment of indebtedness by the Clines to them.

Harold and Jacquelyn married in December 1982. In 1985 the Clines defaulted on their note to Harold and his sister, resulting in a foreclosure action on the tract. The court ordered the property sold at a commissioner's sale, and Harold and his sister purchased the property for $150,000. Because the Clines owed them nearly $200,000 under their priority lien,

---

1. Senior Judge John D. Miller sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

2. Although the commissioner found that Harold and his sister had inherited the property from their mother, the record indicates that the property was transferred to them from their mother by a June 1978 deed.

they were able to receive title to the property without having to pay any cash. On September 16, 1985, after Jacquelyn and Harold married, Farlow and her husband conveyed her one-half interest in the tract to Harold by a general warranty deed. The parties agree this purchase was made with joint funds, and thus this one-half interest was properly classified as marital property.

After Jacquelyn filed her petition for dissolution of marriage, issues including the disposition of the real property were submitted to a domestic relations commissioner for ruling. Jacquelyn argued that the entire 112–acre tract was marital property because it was purchased after the date of her marriage to Harold. Harold argued that he had a one-half nonmarital interest in the property prior to marriage and that he never relinquished that interest as evidenced by the fact that nothing was paid for his interest after the date of marriage.

The commissioner stated in his report that the property "was under contract and bond for deed." Further, the commissioner held that "[t]his transaction, although occurring after the marriage, merely restored Respondent with a one-half interest which he had inherited." Thus, the commissioner determined that the property was one-half Harold's nonmarital property and one-half marital property belonging to both Harold and Jacquelyn.

The commissioner further determined that the present value of the property was $285,000. After awarding Harold a one-half interest in the property as his nonmarital interest, the court then awarded each party one-half of the marital interest. As the property was valued at $285,000, the court found Jacquelyn's interest to be valued at $71,250.

As she did before the trial court, Jacquelyn argues to this court that the entire 112–acre tract is marital property. She maintains that the commissioner and the court erred in determining that the property was a "contract and bond for deed." Citing *Goderwis v. Goderwis*, Ky., 780 S.W.2d 39 (1989), she asserts that she is entitled to have the decree reversed in part and the case remanded to the court based on a finding that the entire tract is marital property. We disagree.

▄▄▄ The rules of construction applicable to deeds are the same rules of construction applicable to contracts. *Monroe v. Rucker*, 310 Ky. 229, 220 S.W.2d 391, 392 (1949). "[I]nterpretation of contracts is an issue of law for the court to decide." *Fay E. Sams Money Purchase Pension Plan v. Jansen*, Ky.App., 3 S.W.3d 753, 757 (1999). Because an issue of law rather than an issue of fact is involved, this court is not bound by the circuit court's decision and will review the matter *de novo*. *Carroll v. Meredith*, Ky.App., 59 S.W.3d 484, 489 (2001).

▄▄▄ Jacquelyn argues that under the *Goderwis* case, the analysis of the issue ends based on the fact that title was transferred to the Clines prior to marriage of Harold and Jacquelyn in 1982 and on the fact that it was then repurchased at the commissioner's sale which occurred subsequent to the marriage. In *Goderwis* the property was owned by the husband and then transferred to a third party prior to the marriage. 780 S.W.2d at 41. However, when the property was repurchased after the marriage, the funds used in the purchase came from a joint bank account held by both Mr. and Mrs. Goderwis. *Id.* Such is not the case herein. In this case none of the $150,000 purchase price was derived from a marital source. Rather, the credit supporting the bid was held by Harold and his sister based on a note given to them by the Clines in a transaction completed prior to the marriage. Thus, *Goderwis* has no application to the facts of this case.

The provisions of KRS[3] 403.190 are applicable. KRS 403.190(3) states in part that "[a]ll property acquired by either spouse after the marriage and before a decree of legal separation is presumed to be marital property[.]" However, "[t]he presumption of marital property is overcome by a showing that the property was acquired by a method listed in subsection (2) of this section." *Id.* KRS 403.190(2)(b) states in part that "[p]roperty acquired in exchange for property acquired before the marriage or in exchange for property acquired by gift, bequest, devise, or descent" is excluded from marital property. As Harold's portion of the successful $150,000 bid at the commissioner's sale was derived from the credit he and his sister held on the $200,000 owed them by the Clines, the one-half interest in question was nonmarital property.

■ Thus, we conclude that the circuit court properly classified the property as nonmarital, though for the wrong reasons. As an appellate court may affirm a trial court for reasons other than those relied on by the trial court, so long as such is sustainable under the record, we reject Jacquelyn's challenge to the court's characterization of the disputed one-half interest in the 112–acre tract as Harold's nonmarital property. *See Kentucky Farm Bureau Mut. Ins. Co. v. Gray,* Ky.App., 814 S.W.2d 928, 930 (1991).

**3.** Kentucky Revised Statutes.

■ In his cross-appeal, Harold argues that the commissioner and court erroneously awarded him property, a nine-foot disc mower, which had been junked and discarded during the marriage. He maintains that the alleged value of the mower at $1,500 was wrongly charged to him. Jacquelyn argues that Harold did not preserve this argument because he made no mention of it in his exceptions to the commissioner's report. We agree with Jacquelyn.

In *Eiland v. Ferrell,* Ky., 937 S.W.2d 713 (1997), the Kentucky Supreme Court noted that "a party who desires to object to a report must do so as provided in CR 53.06(2) or be precluded from questioning on appeal the action of the circuit court in confirming the commissioner's report." *Id.* at 716, *citing United States v. Central Bank & Trust Co.,* Ky., 511 S.W.2d 212 (1974). As Harold did not raise the issue of the mower in his exceptions, any error in this regard was not properly preserved and is not subject to our review.

The circuit court's decree is affirmed.

ALL CONCUR.