STRIKER GOLF COMPANY, INC.,
and John H. Jones, Appellants

v.

FIRST SECURITY BANK OF
LEXINGTON, INC.,
Appellee.

No. 2005–CA–000271–MR.

Court of Appeals of Kentucky.

Dec. 14, 2007.

Robert M. Brooks, Earl L. Martin, III, Louisville, KY, for appellants.

Gregory D. Pavey, Lizbeth Ann Tully, Lexington, KY, for appellee.

Before MOORE and THOMPSON, Judges; GRAVES,[1] Senior Judge.

*OPINION*

THOMPSON, Judge.

The Striker Golf Company, Inc., and John H. Jones appeal the Jefferson Circuit Court's grant of summary judgment in favor of First Security Bank of Lexington, Inc., on its claim for a deficiency judgment against Jones resulting from his execution of two guaranty agreements for the security of Striker Golf's debt obligations to First Security. For the reasons set forth herein, we affirm.

On October 28, 1998, First Security and Striker Golf entered into a Business Manager Agreement (the "Agreement"), in which Striker gave First Security a security interest in all of its outstanding and future receivables. Later, Striker Golf executed a promissory note (the "Note") in favor of First Security, for the purpose of obtaining additional financing. As additional security for the loans, Jones eventually executed two guaranty agreements in which he assumed personal liability for Striker's liabilities to First Security up to a "maximum aggregate liability" of $36,000 and $72,000.

---

1. Senior Judge John W. Graves sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes 21.580.

On July 31, 2002, Striker Golf defaulted on the Note, and on September 30, 2002, it defaulted on the Agreement. First Security then successfully sought a writ of possession permitting it to seize Striker Golf's assets. On February 6, 2003, First Security filed a motion for the partial disposition of Striker's assets.

In its affidavit supporting the motion, First Security stated that it had marketed Striker Golf's assets since it seized them in September 2002, but it had been unsuccessful in obtaining a suitable purchaser until finding Joseph Markham. First Security further stated that Markham had tendered a $200,000 offer to purchase all of Striker's inventory. Finally, First Security stated that the Markham offer was the best offer that it had received for Striker Golf's assets.

On February 10, 2003, after every party had received notice, a hearing was held regarding the partial disposition of Striker Golf's assets. After the trial court called the case, Jones' counsel informed the court that he would not agree to the sale and would "object for the record." However, he did not question First Security's affidavit of support stating that it had continuously marketed the goods and that Markham's offer was the best it had received.

At the conclusion of the two-minute hearing, the trial judge signed an order approving the sale of Striker Golf's assets. However, the proceeds from the sale did not satisfy Striker Golf's outstanding liabilities. Following the sale, First Security filed a motion for summary judgment against Jones, alleging that Jones owed First Security for a portion of Striker Golf's liabilities pursuant to the two guaranty agreements.

In defense, Jones contended that the lack of commercial reasonableness in the selling of Striker Golf's assets discharged his liability on the two guaranties. In the alternative, Jones contended that his liability was limited to $72,000 pursuant to his second guaranty which he contended had superseded his first guaranty. After rejecting both of Jones' contentions, the trial court granted First Security's motion for summary judgment. This appeal follows.

Before reviewing this appeal, we first address a procedural issue raised in Jones' reply brief. In this brief, he wrote that he had filed bankruptcy and received a discharge of his pre-petition debt obligations. Therefore, the brief stated that "[t]he sole remaining issue to be resolved on appeal is that of whether issues of material fact remained with respect to the commercial reasonableness of the seizure and sale of Striker Golf's assets and whether the trial court's entry of summary judgment against Striker Golf on that issue was in error." Hence, we will not address the trial court's combining of the liability amounts on the two guaranty agreements. *Cox v. Cooper,* 510 S.W.2d 530, 533 (Ky. 1974).

On appellate review of a summary judgment, we review to determine whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law. *Scifres v. Kraft,* 916 S.W.2d 779, 781 (Ky.App.1996). The appellate court does not defer to the trial court since factual findings are not at issue. *Id.* We review the record in the light most favorable to the party opposing the motion for summary judgment and all doubts are resolved in his favor. *Id.*

Consequently, "[t]he proper function of summary judgment is to terminate litigation when, as a matter of law, it appears that it would be impossible for the respondent to produce evidence at the trial warranting a judgment in his favor." *Steelvest, Inc. v. Scansteel Service Center, Inc.,* 807 S.W.2d 476, 480 (Ky.1991) citing *Paintsville Hospital Co. v. Rose,* 683 S.W.2d 255 (Ky.1985).

Following our review of the record, we conclude that the trial court properly granted First Security's motion for summary judgment. In this case, First Security gave Striker Golf and Jones notice regarding the partial disposition hearing. Further, it attached an affidavit in support of its motion detailing its efforts and the circumstances that culminated in the proposed sale of Striker Golf's assets to Markham for $200,000. It then received a court-approved order to sell the property.

Essentially, First Security fully accounted for its actions and gave Striker Golf and Jones every opportunity to legitimately put the commercial reasonableness of its sale in dispute. However, Striker Golf and Jones failed to take this opportunity. Beyond refusing to agree to the sale, Striker Golf and Jones did little more to legitimately contest the Markham purchase. Because First Security accounted for the commercial circumstances of the sale, Striker Golf and Jones were required to do more than simply disagree with the court's granting of the motion to dispose.

Although we have not addressed Jones' contractual and statutory arguments, we observe that an appellate court may affirm a trial court's decision for any reason sustainable under the record. *Brewick v. Brewick*, 121 S.W.3d 524, 527 (Ky.App. 2003). In this case, the failure of Striker Golf and Jones to contest the Markham purchase despite receiving detailed notice of the purchase is fatal to their appeal. Accordingly, the trial court's granting of First Security's motion for summary judgment was proper.

For the foregoing reasons, the judgment of the Jefferson Circuit Court is affirmed.

ALL CONCUR.