Brandon Tyler RYAN, Appellant

v.

Mariya RYAN, Appellee

NO. 2015–CA–000010–ME

Court of Appeals of Kentucky.

RENDERED: OCTOBER 2, 2015; 10:00 A.M.

Brief for Appellant: Trisha M. Brunk, Covington, Kentucky.

Brief for Appellee: Gordon J. Dill, Ashland, Kentucky.

BEFORE: CLAYTON, NICKELL, AND THOMPSON, JUDGES.

*OPINION*

CLAYTON, JUDGE:

Brandon Tyler Ryan appeals from the Boyd Circuit Court's order, entered on December 2, 2014, amending in part and denying in part his Kentucky Rules of Civil Procedure (CR) 59.05 motion to alter, amend, or vacate the trial court's order, which was entered on November 10, 2014. The issue involves the trial court's suspension of his allotted parenting time with his fourteen-year-old daughter and the imposition of supervised visitation. After careful consideration, we reverse and remand.

## FACTUAL AND PROCEDURAL BACKGROUND

A decree of dissolution was entered in 2008. During the marriage of Brandon and Mariya Ryan, they had a daughter, S.R., who was born in 2000. Joint custody of S.R. was awarded to Brandon and Mariya. In addition, Mariya was named the primary residential custodian, and Brandon's parenting time was based on the Boyd County Timesharing Schedule for long distance timesharing.

Pursuant to the long distance timesharing guidelines, Brandon was scheduled to have S.R. for 75% of the 2014 summer. Brandon picked up S.R. on June 7, 2014, and she stayed for a week and a half. S.R., with Brandon's permission, then returned to Huntington, West Virginia, to attend a music concert with her mother and friends. She was scheduled to return to Brandon's home on June 20, 2014. But Mariya filed a motion for an immediate *ex parte* order to suspend the remainder of the summer visitation based on the allegation that Brandon used illegal drugs while S.R. was with him. Responding to the motion, the trial court entered an order on June 20, 2014, suspending the visitation until a hearing could be conducted.

On July 31, 2014, a hearing was held before the domestic relations commissioner, who issued a report and recommendations on October 1, 2014. The parents and the child testified at the hearing. In the report the commissioner noted that S.R. made several allegations against Brandon including the she smelled marijuana in his home and that he yelled at her when she did not clean up after a dog. According to S.R., she should not have had to clean up after the dog since it was not her dog. Brandon testified that he agreed to let S.R. attend a concert in Pittsburgh with Mariya. Further, Brandon claimed that he not only told S.R. to clean up after the dog but also told his stepdaughter to do so. Continuing with his testimony, he said that he did not smoke marijuana and rarely drank alcohol.

Brandon's June 20, 2014 urine test was negative for all substances. Nonetheless, the hair follicle test, submitted on July 28, 2014, tested positive for marijuana. However, even though the test was positive, there is no mechanism for determining the date for the use of marijuana.

In the report, the domestic relations commissioner explained that the divorce was very bitter and that both parties have acted badly on occasion. As a result of the parties' animosity, S.R.'s relationship with Brandon has been influenced. Furthermore, the commissioner explained that S.R. is a teenager who wants to spend time with her friends in the summer. Among other things, the commissioner recom-

mended that Brandon's timesharing should be reinstated.

Mariya filed exceptions to the domestic relations commissioner's report, and Brandon responded. On November 10, 2014, the trial court entered an order regarding Mariya's exceptions. In particular, the trial court ordered Brandon to complete drug counseling and submit to random drug screens. Additionally, the trial court admonished that Brandon must have clean drug tests for six months before his visitation shall be reinstated, and until that time, the visitation shall be supervised.

Brandon then filed a motion to alter, amend, or vacate the order. Therein, he argued that the trial court, modifying visitation, failed to make a finding, pursuant to Kentucky Revised Statutes (KRS) 403.320(3),[1] that modification served the best interests of the child and that the visitation would "endanger seriously the child's physical, mental, moral, or emotional health." Brandon alleges that the trial court's order unlawfully restricted his visitation rights in violation of KRS 403.320(3).

Thereafter, the trial court, on December 2, 2014, issued an order adopting its original order but amending it by adding additional language, which was a finding that unsupervised visitation would endanger seriously the child's mental, moral, and emotional health since Brandon is involved in illegal activity. The illegal activity referred to by the trial court is, presumably, illegal drug use. Further, the trial court no longer cited the six month time period but stated that "[t]he Court, shall, after the Respondent has demonstrated his ability to maintain a drug free lifestyle and the completion of counseling, revisit the issue of visitation." Brandon appealed from the December 2, 2014 order denying his motion to alter, amend, or vacate the November 10, 2014 order.

## STANDARD OF REVIEW

▆▆▆ An appellate court will only reverse a trial court's decision regarding visitation if this determination constitutes a manifest abuse of discretion or was clearly erroneous in light of the facts and circumstances of the case. *Drury v. Drury,* 32 S.W.3d 521, 525 (Ky. App. 2000). The test is not whether we would have decided the issue differently, but whether the findings of the trial court were clearly erroneous or an abuse of discretion. *Cherry v. Cherry,* 634 S.W.2d 423, 425 (Ky. 1982).

▆▆▆ "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Goodyear Tire and Rubber Co. v. Thompson,* 11 S.W.3d 575, 581 (Ky. 2000). Abuse of discretion implies arbitrary and capricious action that results in an unreasonable and unfair decision. *Sherfey v. Sherfey,* 74 S.W.3d 777, 783 (Ky. App. 2002), *overruled on other grounds by Benet v. Commonwealth,* 253 S.W.3d 528 (Ky. 2008). And we review the legal conclusions of the trial court under a *de novo* standard. *Brewick v. Brewick,* 121 S.W.3d 524, 526 (Ky. App. 2003).

With these standards in mind, we turn to the case at bar.

## ANALYSIS

Brandon maintains that the trial court erred by unreasonably restricting his visitation rights in violation of KRS 403.320(3), and by finding that visitation with him would endanger seriously the child's mental, moral, and emotional health. He contends that this finding was clearly errone-

---

1. Respondent's motion references KRS 403.230(3) but the language is obviously from KRS 403.320(3), which is pertinent to this action.

ous. Further, he claims that even if the findings are not erroneous, they are too restrictive within the meaning of KRS 403.320. In contrast, Mariya claims that the trial court did not err in restricting Brandon's visitation until he completes a series of drug screens and a drug counseling program.

Kentucky Revised Statutes 403.320(3) states that "[t]he court may modify an order granting or denying visitation rights whenever modification would serve the best interests of the child; but the court shall not restrict a parent's visitation rights unless it finds that the visitation would endanger seriously the child's physical, mental, moral, or emotional health." Thus, in order to modify visitation, a trial court must determine that visitation would seriously endanger a child.

In the instant case, the trial court, in its first order of November 10, 2014, did not adopt the recommendation of the domestic relations commissioner that Brandon's visitation with S.R. be immediately reinstated, but instead ordered that Brandon complete drug counseling, submit to random drug screens, and be drug-free for at least six months before visitation shall be reinstated. However, in that order, the trial court made no determination that visitation would endanger seriously S.R.'s physical, mental, moral, or emotional health.

Next, Brandon filed a motion to alter, amend, or vacate based on the trial court's failure to find that visitation with him would endanger seriously S.R.'s physical, mental, moral, or emotional health. Included in the motion was information that Brandon submitted to a drug screen, covering the time period that S.R. was with him, and it was negative. Further, there was absolutely no evidence that Brandon used marijuana in the child's presence or that any other drug use had occurred. The only evidence was a hair follicle test that showed a low level of marijuana during a time frame of between twelve to fourteen months. Brandon, citing to KRS 403.320(3), argued that a trial court may not restrict a parent's visitation rights unless it finds that the visitation would seriously endanger the child.

Next, the trial court responded to Brandon's motion, by adopting its original order but amending it by adding the following findings:

The Court finds that unsupervised visitation would endanger seriously the child's mental, moral, and emotional health due to the fact that the Respondent is involved in illegal activity. It is undisputed that the Respondent is a marijuana user and until he has demonstrated he no longer is engaged in illegal drug use, his visitation must be restricted for the safety of the infant child herein. There was ample evidence presented at the hearing that the drug use took place in the presence of the child. Even if that were not the case, the Respondent has demonstrated through his action of engaging in illegal drug usage that he lacks the moral compass to be alone with the child.

In light of the trial court's findings, a review of the record is necessary. In doing so, we must keep in mind that KRS 403.320(3) specifically directs that a court "shall not restrict a parent's visitation rights" unless allowing visitation would seriously endanger the child. *Pennington v. Marcum*, 266 S.W.3d 759, 769 (Ky. 2008), as modified (Oct. 24, 2008).

■ The record includes the following facts: the domestic relations commissioner, who actually conducted the hearing, recommended that visitation be reinstated; Brandon denied that he was smoking marijuana or that he had marijuana the day that S.R. claimed she smelled marijuana in his home; Brandon immediately submitted

to a urine test upon learning of the *ex parte* order; the urine test came back negative for all substances; and, S.R. admitted she had never observed Brandon smoking marijuana or saw a bong or drug paraphernalia in his home. After considering the evidence of record, we do not believe that it is sufficient to establish that S.R.'s welfare was endangered by visitation with Brandon.

A family court's factual findings are reviewed for clear error. CR 52.01. A finding supported by substantial evidence is not clearly erroneous. Substantial evidence is that which is "sufficient to induce conviction in the mind of a reasonable person." *Rearden v. Rearden*, 296 S.W.3d 438, 441 (Ky. App. 2009). Here, substantial evidence, enough to induce conviction in a reasonable person, was not provided. Nothing, including S.R.'s testimony, indicated that Brandon was using illegal drugs in front of his daughter. In fact, the only evidence of marijuana use was a hair follicle test that showed a low level of marijuana, which, if the test is scientifically reliable, indicates marijuana use in the last ten to twelve months.

While it might be reasonable or prudent for the trial court judge to order random drug testing or drug counseling, his suspension of Brandon's timesharing and requirement of supervised visitation is too restrictive. Recognizing the appellate standard of review that a trial court abuses its discretion if its decision is arbitrary and results in an unreasonable and unfair decision, we conclude that the trial court's decision was not only clearly erroneous but also an abuse of discretion.

## CONCLUSION

Accordingly, we reverse and remand the judgment of the Boyd Circuit Court.

ALL CONCUR.