Dean BRANDENBURG, Appellant,

v.

Herman Jean BRANDENBURG,
Appellee.

Court of Appeals of Kentucky.

June 5, 1981.

As Modified June 19, 1981.

William Miles Arvin, Nicholasville, for appellant.

Robert Gullett, Nicholasville, for appellee.

Before GANT, GUDGEL and REYN-OLDS, JJ.

GANT, Judge.

This appeal involves the allocation of certain property as wholly nonmarital which appellant/wife contends was both marital and nonmarital. Three pieces of property were involved, viz., a duplex at 134–136 Ilhardt Avenue, Nicholasville; a duplex on Glen Cove in Nicholasville; and a residence which included a rental apartment at 403 Bellevue, Wilmore. All three properties were owned by the husband at the date of marriage, July 18, 1970, and payments on each of these properties were made from marital funds after the marriage. We agree with the appellant that the lower court erred in declaring these properties to be totally nonmarital.

## FORMULA

■ The guidelines for apportionment between marital and nonmarital property were issued in *Newman v. Newman*, Ky., 597 S.W.2d 137 (1980). The court therein approved the formula utilized by the lower court, saying that the interests of the parties were "the same percentages as their respective contributions to the total equity in the property." In other words, there is to be established a relationship between the nonmarital contribution and the total contribution, and between the marital contribution and the total contribution. These relationships, reduced to percentages, shall be multiplied by the equity in the property at the time of distribution to establish the value of the nonmarital and marital properties.

With this basis established, we provide the following definitions:

■ Nonmarital contribution (nmc) is defined as the equity in the property at the time of marriage, plus any amount expended after marriage by either spouse from traceable nonmarital funds in the reduction of mortgage principal, and/or the value of improvements made to the property from such nonmarital funds.

■ Marital contribution (mc) is defined as the amount expended after marriage from other than nonmarital funds in the reduction of mortgage principal, plus the value of all improvements made to the property after marriage from other than nonmarital funds.

■ Total contribution (tc) is defined as the sum of nonmarital and marital contributions.

■ Equity (e) is defined as the equity in the property at the time of distribution. This may be either at the date of the decree of dissolution, or, if the property has been sold prior thereto and the proceeds may be properly traced, then the date of the sale shall be the time at which the equity is computed.

The formula to be utilized is:

$$\frac{nmc}{tc} \times e = \text{nonmarital property}$$

$$\frac{mc}{tc} \times e = \text{marital property}$$

We do not intend to imply by the adoption of this formula that this Court will not approve other procedures utilized by the lower courts in arriving at an equitable division of property as long as the relationship between the contributions of the parties is established.

■ The contribution of either spouse of other than marital or nonmarital funds shall not be considered in the increase of equity of the property, and any dicta or other language to the contrary in *Robinson v. Robinson*, Ky.App., 569 S.W.2d 178 (1978), is specifically overruled. For example, the contribution of one spouse as homemaker, etc., shall be considered only in affixing the percentage of the marital property to be assigned to that spouse.

### ILHARDT PROPERTY

■ This property was purchased by the husband for $15,900 on December 16, 1968, $900 being the down payment and the husband executing a mortgage of $15,000. Prior to marriage, the husband reduced the mortgage principal by $352.80, the court below finding the value of the property at marriage to be $15,900 and the nonmarital equity to be $1,252.80. After marriage and before sale on July 18, 1975, the mortgage principal was further reduced by $1,176.00. This sum was realized from rents on this property, which rents are marital funds under *Brunson v. Brunson*, Ky.App., 569 S.W.2d 173 (1978). The sale price was $32,500, which was applied in the following manner: $13,471.20 was applied to extinguish the mortgage on this property, leaving a balance of $19,028.80. Of this latter sum, $13,800 was applied on the husband's mortgage on the Wilmore property, extinguishing that mortgage; $963.43 was applied on the husband's mortgage on the Glen Cove property; $3,717 was paid on a joint mortgage on property with which we are not concerned; and the balance was put by the husband in his lock box.

Applying the formula, we find:

nmc = $1,252.80 (the equity at marriage)

mc  = $1,175.00 (mortgage principal reduction during marriage)

tc  = $2,428.80

e   = $19,028.80

$$\frac{1,252.80}{2,428.80} = 51.6\% \times 19,028.80 = 9,815.25 - \text{Value of nonmarital property}$$

$$\frac{1,175.00}{2,428.80} = 48.4\% \times 19,028.80 = 9,213.55 - \text{Value of marital property}$$

### GLEN COVE PROPERTY

This property was purchased by the husband on July 31, 1967, for $17,500, with a down payment of $2,500 and a mortgage executed by the husband in the amount of $15,000. Prior to marriage the husband made payments which reduced the mortgage balance by $807.30. The lower court fixed the equity at marriage at $3,307.30. After marriage, the principal balance of the mortgage was further reduced from marital funds by $3,229.27. In November, 1977, this property was sold for $37,500, $10,000 of which was paid in cash and which was applied to the mortgage on this property, and a note and mortgage were executed to the husband for $27,500. The mortgage balance of $963.43 was paid from the proceeds of the Ilhardt sale. The equity at the time of sale was $26,536.57, less the $963.43 which was applied from the Ilhardt sale and which sum has already been computed in that equity.

Again applying the formula, we find the following:

```
nmc = $3,307.30 (equity at marriage) plus $497.13
      (this being 51.6% of the $963.43 from Ilhardt
      and thus traceable nonmarital funds) or $3,804.43.

mc  = $3,229.29 (mortgage reduction from marital funds)
      plus $466.30 (48.4% of the $963.43 from the
      Ilhardt sale) or $3,695.59.

tc  = $7,500.02

e   = $26,536.57 minus $963.43, or $25,573.14.
```

$$\frac{3,804.43}{7,500.02} = 50.7\% \times 25,573.14 = 12,965.58 - \text{Value of nonmarital property}$$

$$\frac{3,695.59}{7,500.02} = 49.3\% \times 25,573.14 = 12,607.56 - \text{Value of marital property}$$

## WILMORE PROPERTY

The husband purchased two lots prior to marriage for $3,750.00 and constructed a house thereon, executing a $15,000 mortgage just a few days before marriage. The equity at time of marriage was found to be $3,750.00. During the marriage, $1,200.00 was paid on the principal balance of the mortgage, and in July, 1975, the remaining balance of the mortgage was retired by application of $13,800 from the sale of the Ilhardt property. Additionally, a driveway was installed during the marriage, from marital funds, which was valued at $800.00. At the date of separation, this property was valued at $58,000, with no encumbrance. The equity at the time of distribution was $58,000, less $13,800 which has already been computed as equity on the Ilhardt sale.

Applying the formula, we find the following:

```
nmc = $3,750 (equity at marriage) plus $7,120.80 (the
      nonmarital 51.6% of the Ilhardt receipts of
      $13,800 applied to the mortgage, or $10,870.80

mc  = $1,200 (mortgage reduction from marital funds)
      plus $6,679.20 (marital 48.4% of the Ilhardt
      receipts applied to the mortgage) plus $800
      (marital improvements) or $8,679.20

tc  = $19,550.00

e   = $58,000 minus $13,800 or $44,200
```

$$\frac{10,870.80}{19,550.00} = 55.6\% \times 44,200 = 24,575.20 - \text{Value of marital property}$$

$$\frac{8,679.20}{19,500.00} = 44.4\% \times 44,200 = 19,624.80 - \text{Value of marital property}$$

The total value of the equities in all three properties, as computed above, is $88,801.94, of which $47,356.03 was nonmarital property, and $41,445.01 was marital property.

The other error assigned by the appellant was not preserved and will not be considered by this Court.

Accordingly, the judgment concerning the property herein is reversed and remanded to the lower court for further proceedings in accordance with this opinion and for division of the marital property pursuant to KRS 403.190.

REYNOLDS, J., concurs.

GUDGEL, J., concurs by separate opinion.

GUDGEL, Judge, concurring.

I concur with the majority of the panel that the judgment in this case must be reversed. However, I cannot agree that the Supreme Court, in *Newman v. Newman*, Ky., 597 S.W.2d 137 (1980), approved a definitive formula for determining the value of nonmarital property interests. Therefore, I deem it appropriate to state my views separately.

Using the formula discussed in the *Newman* case, the discussion of which I believe was dicta in that case, the majority opinion devises a formula trial courts are encouraged to use in valuing nonmarital property interests. In doing so, the previous formulas approved by this Court in *Robinson v. Robinson*, Ky.App., 569 S.W.2d 178 (1978), and its progeny, are abandoned. While I do not disagree with abandoning the particular formulas approved in *Robinson* and its progeny, I cannot agree that in light of the *Newman* case we should proceed to approve a different formula.

I have reached this conclusion after considerable reflection relative to the history and development of this jurisdiction's substantive domestic relations law. Through the years, we have consistently recognized that the trial court is charged with the duty of resolving all issues in a domestic relations case, including the duty of adjudging a fair and just division of the parties' marital and nonmarital property. To assist trial courts in performing their duty, we have vested them with wide discretion, and once that discretion has been exercised, we have traditionally been reluctant to interfere unless there has been a clear abuse of discretion or a failure to observe a clear legislative mandate set forth in a statute. *Herron v. Herron*, Ky., 573 S.W.2d 342 (1978).

If my understanding of the present status of the law is correct, then it follows that we should refrain from giving tacit approval to a formula trial courts are encouraged to use in determining the value of nonmarital property interests. This is so, I believe, principally because existence of such an approved formula may encourage trial courts to fail to observe their duty to exercise independent discretion in a given case and disregard the formula, even though the facts of the case may compel such a course. Similarly, the existence of such an approved formula may have a chilling effect upon other trial courts who may wish to exercise independent discretion and depart from the formula in a given case. The importance of our decision not having such an effect, in my view, outweighs any benefit to be derived from the majority opinion's commendable purpose of providing a workable formula for valuing nonmarital property interests. In addition, since we have never adopted a formula approach to resolve cases involving a division of marital property, I have concluded that we erred, myself included, when we undertook to do so in cases involving nonmarital property.

I do agree, however, that the judgment in this case must be reversed. There is evidence that the parties applied marital funds to reduce the balance of the mortgage indebtedness owed on appellee's nonmarital real properties. Therefore, some portion of the increased value of the properties at dissolution was attributable to the joint efforts of the parties during the marriage. Accordingly, some portion of their value at dissolution was required to set aside as marital property, KRS 403.190(2)(e), and the court's failure to do so was an abuse of discretion.