**James R. SHARBER, Appellant,**

v.

**Lisa SHARBER, Appellee.**

**No. 1999–CA–001366–MR.**

Court of Appeals of Kentucky.

Jan. 12, 2001.

13. SCR 3.130.

Perry R. Arnold, Bedford, for appellant.

Glenna Jo Curry, LaGrange, for appellee.

Before DYCHE, GUIDUGLI, and TACKETT, Judges.

## OPINION

TACKETT, Judge.

James Sharber (James) appeals from the judgment of the Trimble Circuit Court for dissolving his marriage to Lisa Sharber (Lisa). At issue in this case is the division of property between James and Lisa, specifically whether the court acted properly in classifying James' Separation Incentive Bonus (bonus) from the Department of Defense as marital property, and whether it acted properly in awarding Lisa additional monies to repurchase her retirement fund, which she had expended in purchasing the marital residence. We affirm in part, reverse in part, and remand.

With respect to the bonus paid to James by the Department of Defense, some additional background facts are necessary. James was an employee at the Naval Ordnance facility in Louisville. After the dissolution decree had been entered, James was informed of an incentive program for employees who elected to take early retirement. This Separation Incentive Program offered an incentive of up to $25,000, based on either the applicable severance pay formula or a flat $25,000, whichever was less. James qualified for the full $25,000 bonus. He elected to take early retirement in January 1996, receiving the separation incentive bonus in September 1996.

After he received the separation incentive bonus, the trial court, in dividing the property between the parties, held that 11/27ths of the bonus was marital property. (James had worked at Naval Ordnance for 27 years, including the eleven years he was married to Lisa.) The court ruled that Lisa was entitled to half of the marital portion of the bonus.

On appeal, James argues that the bonus could not qualify as marital property because it did not vest during the marriage. The bonus was not available to him during the marriage at all. He argues that even though the severance pay formula is used, the bonus is not severance pay and should not be treated as such. In support of his argument, James cites 5 United States Code (USC) 5597, which reads, in pertinent part, as follows:

Sec. 5597. Separation pay

(a) For the purpose of this section—

(1) the term "Secretary" means the Secretary of Defense;

(2) the term "defense agency" means an agency of the Department of Defense, as further defined under regulations prescribed by the Secretary; and

(3) the term "employee" means an employee of a defense agency, serving under an appointment without time limitation, who has been currently employed for a continuous period of at least 12 months, except that such term does not include—

(A) a reemployed annuitant under subchapter III of chapter 83, chapter 84, or another retirement system for employees of the Government; or

(B) an employee having a disability on the basis of which such employee is or would be eligible for disability retirement under any of the retirement systems referred to in subparagraph (A).

(b) In order to avoid or minimize the need for involuntary separations due to a reduction in force, base closure, reorganization, transfer of function, or other similar action affecting 1 or more defense agencies, the Secretary shall establish a program under which separation pay may be offered to encourage eligible employees to separate from service voluntarily (whether by retirement or resignation).

(c) Under the program, separation pay may be offered by a defense agency only—

(1) with the prior consent, or on the authority, of the Secretary; and

(2) to employees within such occupational groups or geographic locations, or subject to such other similar limitations or conditions, as the Secretary may require.

(d) Such separation pay—

(1) shall be paid in a lump sum;

(2) shall be equal to the lesser of—

(A) an amount equal to the amount the employee would be entitled to receive under section 5595(c) if the employee were entitled to payment under such section; or

(B) $25,000;

(3) shall not be a basis for payment, and shall not be included in the computation, of any other type of Government benefit; and

(4) shall not be taken into account for the purposes of determining the amount of any severance pay to which an individual may be entitled under section 5595 based on any other separation.

This section distinguishes the type of bonus James received from severance pay, which is defined in 5 USC 5595(c) as

(c) Severance pay consists of—

(1) a basic severance allowance computed on the basis of 1 week's basic pay at the rate received immediately before separation for each year of civilian service up to and including 10 years for which severance pay has not been received under this or any other authority and 2 weeks' basic pay at that rate for each year of civilian service beyond 10 years for which severance pay has not been received under this or any other authority; and

(2) an age adjustment allowance computed on the basis of 10 percent of the total basic severance allowance for each year by which the age of the recipient exceeds 40 years at the time of separation.

Total severance pay under this section may not exceed 1 year's pay at the rate received immediately before separation.

James also cites 5 USC 5597(g)(1), which provides that if James returned to work

with the United States Government, he would be required to repay the entire amount of the separation incentive bonus.

> An employee who receives separation pay under this section on the basis of a separation occurring on or after the date of the enactment of the Federal Workforce Restructuring Act of 1994 and accepts employment with the Government of the United States within 5 years after the date of the separation on which payment of the separation pay is based shall be required to repay the entire amount of the separation pay to the defense agency that paid the separation pay.

Taken together, James asserts, the separation bonus cannot be claimed as marital property because the bonus is only an incentive for early retirement which was offered after the marriage ended and which did not vest during the marriage. Furthermore, the bonus must be refunded if James returns to work with the federal government within five years, and it is expressly not severance pay even though a similar formula can be used to calculate the amount. In addition, the bonus explicitly does not affect his entitlement to other federal benefits, including retirement, under 5 USC 5597(d)(3) and (d)(4).

It must be noted that because the bonus did not affect James' retirement, the bonus is distinguishable from a pension. If the bonus had replaced a portion of James' retirement benefits, then our holding in the recent case of *Lykins v. Lykins*, Ky. App., 34 S.W.3d 816 (2000), would apply. *Lykins* dealt with a voluntary separation from the armed forces, in which the husband received a voluntary separation package that was payable over time that replaced his retirement benefits. We held that this type of voluntary separation package is divisible in the same way as retirement benefits, as it effectively replaced Lykins' retirement benefits. The separation incentive bonus in this case does not replace retirement or another benefit, and therefore *Lykins* does not apply.

Lisa argues that the bonus was marital property because James had a right to receive it during the marriage. She argues that because the severance pay formula is used to calculate the amount of the bonus, the bonus is based on years of service and thus a portion of the bonus must be marital property. James' entitlement to the separation pay accrued during the marriage, she says, and thus it must be considered marital property. She asks us to consider the case of *Glidewell v. Glidewell*, Ky.App., 859 S.W.2d 675 (1993), that states that a non-vested pension cannot properly be divided, but that it is subject to division upon vesting. The bonus, she says, is like a pension that vests after the marriage; that portion of the bonus that accrued during the marriage must be considered marital property and divided justly between the parties. We disagree.

We hold that the separation incentive bonus, even though the amount of the bonus is based on years of service reaching a maximum of $25,000, did not accrue during the marriage and thus is not subject to division as marital property. The possibility that James would receive this bonus did not exist during the marriage, which ended in July 1995. No right to receive the bonus existed while the parties were married because it was not offered to James, even though the statutory framework enabling the employer to offer such a bonus existed. It was only after the marriage ended that the bonus program was offered and implemented. This bonus is unlike a pension in that no interest, even a speculative one, existed prior to the offer of the bonus. No entitlement existed prior to the government's offer of the bonus in January, 1996. Further, we are persuaded that the federal statute designates this type of bonus as something other than severance pay; it is instead a one-time bonus to induce federal workers to retire

in order to reduce work force. The bonus is income received after the marriage. Accordingly, we reverse the decision of the Trimble Circuit Court with respect to this issue.

■ Turning now to the question of whether the court properly ordered extra money to be paid to the wife for the repurchase of her retirement benefits, we conclude that the court was within its authority to do so and did not abuse its discretion. While the court properly divided the property under *Brandenburg v. Brandenburg,* Ky.App., 617 S.W.2d 871, 872 (1981), it was not precluded from awarding additional monies to the wife in order to achieve a just division of the marital property. In *Brandenburg,* we stated: "We do not ... imply ... that this Court will not approve other procedures utilized by the lower courts in arriving at an equitable division of property as long as the relationship between the contributions of the parties is established." *Id.* at 873. We believe that the circuit court did establish the proper balance between the contributions of the parties. Accordingly, we affirm the court with respect to this issue.

The judgment of the Trimble Circuit Court is affirmed in part, reversed in part, and this case is remanded for further proceedings consistent with this opinion.

ALL CONCUR.