Adrianna CROFT, Appellant

v.

Dimitri CROFT, Appellee.

No. 2006–CA–001403–MR.

Court of Appeals of Kentucky.

Nov. 2, 2007.

Jill L. Giordano, Princeton, KY, for appellant.

Natalie M. White, Eddyville, KY, for appellee.

Before DIXON and KELLER, Judges; GRAVES[1], Senior Judge.

## OPINION

DIXON, Judge.

Appellant, Adrianna Croft, appeals from an order of the Caldwell Circuit Court restoring nonmarital property, dividing marital property and denying maintenance in this dissolution proceeding. For the reasons set forth herein, we reverse and remand for further proceedings.

Adrianna and Dimitri Croft were married on October 18, 1997. No children were born of the marriage. Dimitri was self-employed as a backhoe operator and Adrianna was employed as a loan and trust operator until 1998, when she was diagnosed with multiple chemical sensitivity. The Social Security Administration determined her to be permanently disabled on April 1, 1998.

During the marriage, the parties acquired several pieces of property, including two lots located in Salem, Kentucky, and 20 acres of land located in Livingston County. The house and adjoining lot where the parties lived was also located in Salem, Kentucky, and was purchased by Dimitri prior to the marriage for $18,000; however, the remaining balance on the mortgage was not paid in full until 1999, two years after the parties were married. Adrianna testified that several improvements to the residence were undertaken and completed during the marriage, including new appliances, wallpaper and

---

1. Senior Judge J. William Graves sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

paint to the interior of the home, as well as a new exterior deck and landscaping.

The parties separated in September 2005. On April 20, 2006, the trial court entered an interlocutory decree dissolving the marriage and reserving other issues for adjudication. Following an evidentiary hearing, the trial court entered a final order on May 9, 2006, addressing property division and Adrianna's claim for maintenance. The trial court awarded the house and lot located in Salem, Kentucky, to Dimitri as his nonmarital property and the other two lots in Salem to Adrianna. Further, the court ordered the 20 acres in Livingston County to be sold with the proceeds equally divided.

In addition, each party was awarded the personal property that was currently in his or her possession. Finally, the trial court denied Adrianna's claim for maintenance. Adrianna thereafter appealed to this Court. A cross-appeal filed by Dimitri was subsequently dismissed by this Court on October 19, 2006, as untimely.

■ Adrianna's first claim of error concerns the award of the Salem house and lot to Dimitri as nonmarital property. After reviewing the evidence presented, we agree that the trial court abused its discretion in failing to find that the property had both marital and nonmarital components.

The record establishes that Dimitri purchased the house and lot in question in 1996 for $18,000. However, the balance of the mortgage was not paid until 1999, after the parties were married. At the evidentiary hearing, both parties presented appraisals indicating that the value of the property, at the time of the parties dissolution, was between $28,000 and $29,000. Further, Adrianna testified that during the marriage, appliances and fixtures in the house were replaced, the interior was painted and wallpapered, and a deck and landscaping were added to the exterior.

Thus, Adrianna claims that the increase in value should be considered marital property.

KRS § 403.190, Disposition of Property, provides, in relevant part, as follows:

(2) For the purpose of this chapter, "marital property" means all property acquired by either spouse subsequent to the marriage except:

. . . .

(e) The increase in value of property acquired before the marriage to the extent that such increase did *not* result from the efforts of the parties during marriage.

(3) All property acquired by either spouse after the marriage and before a decree of legal separation is presumed to be marital property, regardless of whether title is held individually or by the spouses in some form of co-ownership such as joint tenancy, tenancy in common, tenancy by the entirety, and community property. The presumption of marital property is overcome by a showing that the property was acquired by a method listed in subsection (2) of this section.

(Emphasis added).

■ The burden of proof is on the party claiming that the increase in value is to be considered nonmarital, and he must satisfy that burden by "clear and convincing" evidence. *Brosick v. Brosick,* 974 S.W.2d 498 (Ky.App.1998). "KRS 403.190(3) ... creates a presumption that any such increase in value is marital property, and therefore, a party asserting that he or she should receive appreciation upon a nonmarital contribution as his or her nonmarital property carries the burden of proving the portion of the increase in value attributable to the nonmarital contribution. By virtue of the KRS 403.190(3) presumption, the failure to do so will result in the in-

crease being characterized as martial property." *Travis v. Travis*, 59 S.W.3d 904, 910–11 (Ky.2001).

■ KRS 403.190(2)(e) carves out an exception to what is considered "marital property" for "[a]n increase in value of property acquired before the marriage to the extent that such increase *did not* result from the efforts of the parties during marriage." (Emphasis added). Therefore, conversely an increase in value of property that *did* result from the efforts of the parties during marriage should be considered marital property. In *Goderwis v. Goderwis*, 780 S.W.2d 39 (Ky.1989), the Kentucky Supreme Court held that if nonmarital property increases in value during the marriage, the trial court must determine the reason for the increase. If the increase is attributable to general economic conditions, it is considered nonmarital. However, "[a]n increase in value of nonmarital property during marriage which is the result of a joint effort of the parties establishes the increase in value of the nonmarital property as marital property." *Id.* at 40.

Undisputed testimony from both parties detail improvements made to the house, including the addition of new appliances throughout the house, as well as the addition of a new structural outdoor deck space. These improvements cannot be discredited as attributable reasons for the increase in value of the property. Although Dimitri wishes to label these improvements as mere "maintenance," and seeks to categorize them as "not substantial enough to warrant an increase in [value]," courts have failed to recognize any hierarchical, categorical requirements regarding improvements relating to KRS 403.190. The Court requires only a showing that the increase in value of the property was not solely attributable to general economic conditions, but was a result of the joint efforts of the parties in order to qualify property as marital property.

The burden of proof to rebut the presumption that the increase in property value should be considered marital, as set forth by KRS § 403.190, remains with Dimitri. Absent any "clear and convincing" proof, the increase in value of the property should be categorized as marital property. Dimitri did not establish that the increase in value of the marital residence was due to general economic circumstances or his sole efforts. Therefore, the appreciation in value of the residence must be deemed to be marital property.

In addition, in *Brandenburg v. Brandenburg*, 617 S.W.2d 871, 875 (Ky.App.1981), the Kentucky Court of Appeals was asked to determine whether property owned by one spouse prior to marriage, whose subsequent payments were made from marital funds after the marriage should be considered nonmarital or marital property. The Court examined evidence showing that "the parties applied marital funds to reduce the balance of the indebtedness owed on the appellee's nonmarital real properties. Therefore, some portion of the increased value of the properties at dissolution was attributable to the joint efforts of the parties during the marriage." *Id.* at 875. Concluding that marital funds were utilized to reduce the mortgage debt, the Court held that some portion of the increased value of the properties was required to be set aside as marital property, and the trial "court's failure to do so was an abuse of discretion." *Id.*

Similar to *Brandenburg*, uncontested testimony was offered showing that the outstanding mortgage loan amount on the residence was decreased and paid off using marital funds for nearly two years after the parties were married. Employing the precedent set forth by *Brandenburg*, the trial court should have recognized that

marital funds were used to reduce the mortgage debt, and should additionally have apportioned some of the increased value in property as marital property. *Id.* at 875.

Adrianna next argues that the trial court erred in awarding the parties the personal property in their possession at the time of the order. She cites to KRS 403.190, which states that the court "shall divide the marital property without regard to marital misconduct in just proportions considering all relevant factors[.]" Adrianna argues that the court did not recount the status of the marital estate and did not divide the property proportionately. We disagree.

█ A trial court is to divide marital property in just proportions considering all relevant factors. *Wood v. Wood,* 720 S.W.2d 934 (Ky.1986); *See also Herron v. Herron,* 573 S.W.2d 342 (Ky.1978). However, just proportions does not necessarily mean equal proportions. *Wood, supra.* There was substantial evidence presented during the hearing to establish the values of the real property as well as the vehicles and tools in Dimitri's possession. Dimitri presented proof that a 1996 Chevrolet truck valued at $22,000 was purchased with nonmarital funds. Further, the bulk of his tools, equipment and work vehicles were purchased prior to the marriage, and thus, were nonmarital property. Although Adrianna claimed that some of the property in Dimitri's possession was marital, she provided no evidence or monetary values of such to support her claims.

We find Adrianna's reliance on this Court's unpublished decision in *Counts v. Counts,* 2004–CA–002612–ME (February 3, 2006), misplaced. In *Counts,* the trial court awarded each party the personal property in his or her possession without any knowledge or accounting of its value. Here, the trial court was aware of exactly what property was at issue and what its value was, and divided such accordingly. The trial judge acknowledged that this was a "he said/she said" case, and we believe that he was in the best position to evaluate the evidence presented by the parties and allocate the property accordingly.

█ Finally, Adrianna takes issue with the trial court's denial of her claim for permanent spousal maintenance. Specifically, the court found, "that with the division of marital property and considering the length of the marriage, the court does not believe that maintenance is appropriate." We agree.

█ We are mindful that "[m]aintenance determinations are within the sound discretion of the trial court." *Platt v. Platt,* 728 S.W.2d 542, 543 (Ky.App.1987). *Gentry v. Gentry,* 798 S.W.2d 928 (Ky. 1990). As such, "unless absolute abuse is shown, the appellate court must maintain confidence in the trial court and not disturb the findings of the trial judge." *Clark v. Clark,* 782 S.W.2d 56, 60 (Ky.App. 1990) *(Citing Platt, supra ).* The trial court, as fact finder, is in the best position to evaluate the weight and credibility of the evidence; consequently, this court will not substitute its judgment absent clear error. CR 52.01; *Bickel v. Bickel,* 95 S.W.3d 925 (Ky.2002); *Perrine v. Christine,* 833 S.W.2d 825, 827 (Ky.1992).

When determining whether an award of maintenance is appropriate, KRS 403.200(1) requires the trial court to find that the spouse seeking maintenance: (1) lacks sufficient property, including marital property apportioned to her, to provide for her reasonable needs; and (2) is unable to support herself through appropriate employment. Adrianna focuses on the second prong of the statute in claiming that she is unable to support herself through appropriate employment. However, the trial

court found that she was awarded sufficient real and personal property, in addition to her bank stock and disability income, to provide for her reasonable needs. Further, although the court repeatedly questioned Adrianna as to how her standard of living had changed after the divorce, Adrianna could only articulate that she did not "eat out as often."

We are of the opinion that the trial court did specifically consider the requirements of KRS 403.200(1) in light of the evidence presented by the parties. Furthermore, the court was not obligated to set forth additional findings under KRS 403.200(1)(b), because it had already determined Adrianna was awarded sufficient property to provide for her needs. After our own review of the record, we conclude the trial court's findings are supported by substantial evidence and not an abuse of discretion. Therefore, we cannot find that the trial court erred by denying Adrianna's claim for maintenance.

The Caldwell Circuit Court's order finding that the house and lot located in Salem, Kentucky, were Dimitri's nonmarital property is reversed. The matter is remanded for apportionment of the increase in value as marital property. The trial court's findings as to all other issues are affirmed.

ALL CONCUR.