RENDERED:  DECEMBER 2, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NOS. 2022-CA-0061-MR AND 2022-CA-0062-MR

YOISVAN DOMENECH                                  APPELLANT

                 APPEALS FROM JEFFERSON CIRCUIT COURT
v.                  HONORABLE A.C. MCKAY CHAUVIN, JUDGE
                 ACTION NOS. 17-CR-003044 AND 19-CR-001836

COMMONWEALTH OF KENTUCKY                       APPELLEE

<u>OPINION</u>
<u>AFFIRMING</u>

** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; CALDWELL AND MAZE, JUDGES.

CLAYTON, CHIEF JUDGE:  Yoisvan Yanes Domenech appeals from two orders of the Jefferson Circuit Court revoking his probation and ordering him to serve two consecutive five-year sentences.  Domenech argues that the preponderance of the evidence did not support revocation and the sentence imposed was unreasonable.  Upon review, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

### Indictment No. 17-CR-003044

In October 2017, Domenech was indicted for trafficking in more than five pounds of marijuana, with a firearm; third-degree trafficking in Alprazolam, more than 120 dosage units, with a firearm; receiving stolen property (firearm); second-degree possession of a controlled substance (Ecstasy); possession of drug paraphernalia; and failure to notify the Department of Transportation of his address change.

Domenech entered a plea of guilty to an amended charge of trafficking in marijuana, less than five pounds. On April 2, 2018, the trial court imposed a five-year period of supervised pretrial diversion.

### Indictment No. 19-CR-001836

Approximately fifteen months later, on May 22, 2019, Domenech was arrested for first-degree robbery. The victim reported that he owed Domenech money for drywall and the two agreed that Domenech would accept a vehicle as payment for the debt. When the victim arrived with the vehicle, Domenech was dissatisfied with it, put a knife to the victim's throat and took the vehicle.

Upon learning of this new indictment, the Division of Probation and Parole filed a violation of supervision report, and the Commonwealth filed a motion to revoke Domenech's supervised release in Case No. 17-CR-003044. On

February 24, 2020, the trial court entered an order voiding Domenech's further participation in the pretrial diversion program. Following a hearing, it entered judgment of conviction and sentence imposing five-year sentences on one count of trafficking in marijuana and twelve months on one count of illegal use or possession of drug paraphernalia, to run concurrently for a total sentence of five years, probated for five years.

Domenech entered a plea of guilty to an amended charge of facilitation to first-degree robbery in Case No. 19-CR-001836. On May 13, 2020, the trial court entered judgment of conviction and sentence imposing a sentence of five years, probated for a period of five years. The sentence was ordered to run consecutively with his other probated five-year sentence in No. 17-CR-003044.

**Oldham County Indictment No. 21-CR-00195**

On October 21, 2021, the trial court issued a bench warrant for Domenech's arrest based on another violation of supervision report, which stated that Domenech had been indicted in Oldham County on charges of possession of a firearm by a felon, theft by unlawful taking, criminal mischief, and being a first-degree persistent felony offender. The Commonwealth moved to revoke his probation. A probation revocation hearing was held on December 14, 2021.

Officer Tyler Covington of the Oldham County Police Department testified that on June 17, 2021, he assisted Officer Harrod in responding to a

-3-

complaint made by Rolando Cevada that his boat had been stolen from his residence. Harrod located Domenech with the stolen boat on Highway 42. Officer Covington met Officer Harrod, who told him Domenech admitted he took the boat because Cevada owed him $2000. Cevada alleged that Domenech pointed a gun at him and stated that Domenech would have a shotgun and pistol in his vehicle. Cevada also stated that he believed Domenech was a convicted felon. The police found a loaded handgun in plain view on the passenger seat of Domenech's vehicle but did not find a rifle. Domenech was the driver, sole occupant, and registered owner of the vehicle.

Domenech's parole officer, Lewis Willett, testified that he filed a violation of supervision report after learning Domenech was indicted in Oldham County for being a felon in possession of a handgun and theft by unlawful taking under $10,000. He testified that it was a condition of Domenech's probation that he was not allowed to possess any firearms.

Andres Torres Soto testified on Domenech's behalf that he was the owner of the handgun recovered from Domenech's vehicle. Torres Soto stated that he purchased the gun from a Cuban man in a Walmart parking lot. He explained that he used to be employed by Domenech's remodeling company, cleaning up different projects. He explained that he left the gun on the passenger seat in Domenech's vehicle when he went to work and then forgot about it. He later got a

job driving trucks and did not hear from Domenech again. He testified that he told the police about his ownership of the gun and signed a notarized statement to that effect.

The mother of Domenech's two children testified that Domenech was previously employed in construction but was currently working in vehicle transport and has a new truck and trailer. She explained that he is the family's main support. The trial court did not allow her to testify any further on the grounds that her testimony was not relevant.

Domenech also submitted an affidavit from Cevada, dated July 7, 2021, recanting his prior accusation that Domenech stole his boat at gunpoint. The affidavit claims he made the false accusations because he owed Domenech money for work performed, and that Domenech did not take any money or attempt to take a boat.

The trial court did not find Cevada's recantation to be credible and relied on Officer Covington's testimony to conclude that Domenech did take Cevada's boat. As further evidence to support this finding, the trial court observed that the offense was similar to Domenech's earlier offense of holding a knife on an individual and taking his car. The trial court found that Domenech violated the terms of his probation by possessing the gun found in his vehicle, and that the actual ownership of the gun was irrelevant. The trial court also noted that the

offense occurred in Oldham County, which meant that Domenech had left Jefferson County without permission and that he was driving trucks, which constituted two additional violations of the terms of his probation.

The trial court found that Domenech possessed a gun and committed a new offense similar to an earlier one for which he was on probation, yet provided no apology or explanation for his actions. Instead, he chose to have others lie on his behalf. The court concluded that Domenech could not be supervised because he was willing to be untruthful in order to avoid the consequences of his actions. The trial court revoked Domenech's probation in Case No. 17-CR-003044 and Case No. 19-CR-001836 and ordered the two five-year sentences to be run consecutively. These appeals followed.

## STANDARD OF REVIEW

A trial court may revoke probation only if it finds that the individual's failure to comply with the conditions of supervision (1) "constitutes a significant risk to prior victims of the supervised individual or the community at large," and (2) "cannot be appropriately managed in the community[.]" Kentucky Revised Statutes (KRS) 439.3106(1); *Commonwealth v. Andrews*, 448 S.W.3d 773, 780 (Ky. 2014). "There must be proof in the record established by a preponderance of the evidence that a defendant violated the terms of his release and the statutory criteria for revocation has been met." *Helms v. Commonwealth*, 475 S.W.3d 637,

-6-

645 (Ky. App. 2015). The trial court's findings "can be either oral or written to satisfy both KRS 439.3106(1) and the defendant's due process rights." *Commonwealth v. Gilmore*, 587 S.W.3d 627, 630 (Ky. 2019).

A decision to revoke probation is reviewed for an abuse of discretion. *Andrews*, 448 S.W.3d at 780. An abuse of discretion occurs when a trial court's decision is "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999) (citations omitted).

## ANALYSIS

Domenech argues that the Commonwealth failed to show by a preponderance of the evidence that he engaged in the alleged conduct. He maintains that it was an abuse of discretion for the trial court to disregard Torres Soto's testimony that he was the owner of the gun and Cevada's affidavit recanting his accusations against Domenech, and instead to rely on the testimony of Officer Covington, which was based largely on the hearsay testimony of Officer Harrod.

As Domenech notes, the trial court stated that it was inclined to believe Torres Soto's testimony that he was the owner of the gun, and also commented that Cevada's recantation would make for a difficult case against Domenech in Oldham County. The trial court further pointed out, however, that the mere presence of the gun in Domenech's vehicle, when he was the sole

occupant, was sufficient to constitute possession for purposes of revoking probation. The trial court found there was no doubt that Domenech was the only person in the vehicle on the day he took the boat, the gun was found in the vehicle, and Torres Soto was not in the car at all that day. The record shows that the terms of Domenech's probation in both Case No. 17-CR-003044 and Case No. 19-CR-001836 expressly include that he was "not to possess or have access to any weapons[.]"

The trial court's decision to disbelieve Cevada's recantation and rely instead on Officer Covington's testimony was entirely within its province as the factfinder. "The trial court, as fact finder, is in the best position to evaluate the weight and credibility of the evidence[.]" *Croft v. Croft*, 240 S.W.3d 651, 655 (Ky. App. 2007). Domenech attempts to discount the evidentiary value of Officer Covington's testimony, on the grounds that it was offered via telephone and consisted in substantial part of hearsay based on Officer Covington's conversation with Officer Harrod. "A probation revocation proceeding 'is not a part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations.'" *Robinson v. Commonwealth*, 86 S.W.3d 54, 56 (Ky. App. 2002) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 480, 92 S. Ct. 2593, 2600, 33 L. Ed. 2d 484 (1972)). "[P]robation revocation hearings are not to be treated as criminal judicial proceedings." *Id*. at 57. Rather,

-8-

they are "flexible hearings that accept matters into evidence otherwise inadmissible in a criminal prosecution." *Barker v. Commonwealth*, 379 S.W.3d 116, 129 (Ky. 2012). Thus, hearsay evidence is admissible at these informal types of hearings and there is no absolute right to confront witnesses. *Id*.

Domenech also claims that there was a language barrier because Officer Covington did not know if Officer Harrod speaks Spanish. This claim is purely speculative and there is no evidence that Officer Harrod misunderstood Cevada's allegations regarding the theft of his boat. He contends that his probation was revoked merely because a co-worker left a gun in his car without his knowledge. But the gun was found in plain sight on the passenger seat and Cevada originally contacted the police to report that Domenech threatened him with it.

Domenech also criticizes the court's unwillingness to hear lengthy testimony from Domenech's girlfriend about his job and family ties, and its refusal to allow the entry of additional testimony by avowal. The trial court stated that it was well aware that revoking Domenech's probation could cause hardship to his family, but that this was not relevant to the revocation determination. Domenech argues that evidence of his local family ties and responsibilities, as well as his steady work history, were relevant to determining whether he could be appropriately managed in the community. Yet the existence of these family ties and responsibilities had not deterred him from violating the terms of his supervised

release in Case No. 17-CR-003044 and the terms of his probation in Case No. 19-CR-001836.

There was more than sufficient evidence that Domenech's conduct constituted a significant risk to the community. He threatened Cevada at gunpoint and took his boat as repayment for a debt, repeating the behavior underlying his indictment for first-degree robbery in 2019, when he allegedly stole a vehicle at knifepoint to settle a debt. He was well aware he should not be near a firearm yet possessed one, lying on the front seat of his vehicle. The trial court's finding that Domenech simply could not be trusted to be truthful and comply with the terms of his release supported the further conclusion that he could not be appropriately managed in the community.

Domenech argues that the trial court further abused its discretion by imposing the two consecutive five-year sentences rather than a lesser sanction under KRS 439.3106(1)(b). He contends that no evidence was introduced to explain why Cevada would lie in his recantation and that at worst, Domenech violated his probation by "inadvertently" having a gun in his vehicle. As we have already stated, however, the trial court was acting well within its role as the finder of fact in choosing to believe Cevada's original complaint to the police, particularly in light of the fact that Domenech had engaged in similar aggressive behavior before. "Nothing in the statute or in the Supreme Court's interpretation

-10-

of it *requires* the trial court to impose lesser sanctions prior to revoking probation." *McClure v. Commonwealth*, 457 S.W.3d 728, 732, (Ky. App. 2015). Taken as a whole, the evidence of Domenech's threatening behavior, his untruthfulness, and his refusal to accept responsibility for his actions supported the conclusion that a lesser sanction under KRS 439.3106(1)(b) would not be appropriate.

## CONCLUSION

For the foregoing reasons, the Jefferson Circuit Court's orders revoking Domenech's probation in Case No. 2017-CR-003044 and Case No. 2019-CR-001836 and directing his five-year sentences in these cases to be served consecutively are affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Rob Eggert
Louisville, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Melissa A. Pike
Assistant Attorney General
Frankfort, Kentucky