RENDERED:  MARCH 1, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0341-MR

MARY BURDETTE                                                    APPELLANT


                        APPEAL FROM SCOTT CIRCUIT COURT
v.                      HONORABLE LISA MORGAN, JUDGE
                        ACTION NO. 20-CI-00022


AMOS BURDETTE                                                     APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; ACREE AND McNEILL, JUDGES.

ACREE, JUDGE:  Appellant, Mary Burdette, appeals the Scott Circuit Court's

Findings of Fact, Conclusions of Law, Orders, and Decree of Dissolution of her

marriage to Appellee, Amos Burdette.  We affirm.

        The parties married on September 7, 2001, but separated in September

2017.  Mary is a retired nurse who worked nearly forty years at the UK Medical

Center.  Amos operated a construction business.  They have no children together.

        On June 15, 2021, the circuit court heard proof and argument prior to

identifying the parties' non-marital and marital property and determining the just

proportions of the marital property each party was to receive. To affect the just-proportions calculation in her favor, Mary offered testimony of several instances in which Amos behaved violently toward her. The circuit court refused to consider that proof based on the statutory requirement to divide marital property "without regard to marital misconduct . . . ." KRS[1] 403.190(1). After judgment was entered, Mary filed a CR[2] 59 motion to alter, amend, or vacate the decree, challenging the constitutionality of KRS 403.190(1) as too vague. The circuit court declined to address the constitutional challenge as waived because it was not raised until after the judgment was entered.

Only one specific category of marital property is at issue on appeal: Mary's retirement fund valued at $755,523.48 by the circuit court. The court found Mary's pre-marital contribution was $153,393 and her post-separation contribution was $27,239.43. Excluding both as non-marital contributions, the court concluded the marital portion of Mary's retirement account was $602,129.24.

Mary argued that not all increase in the value of the retirement account was attributable solely to her marital contributions but she was working against the presumption that "[a]ll property acquired by either spouse after the marriage and before a decree of legal separation is . . . marital property[.]" *Travis*

---

[1] Kentucky Revised Statutes.

[2] Kentucky Rules of Civil Procedure.

*v. Travis*, 59 S.W.3d 904, 909 (Ky. 2001) (quoting KRS 403.190(3)).  She needed clear and convincing proof to rebut it.  Mary argued for "an approach similar to the Brandenburg[3] method for dividing home equity as the appropriate method for dividing her retirement account.  This approach attempts to split the passive rise in value of the marital and non-marital contributions to [Mary's] 401k."  (Record (R.) 408 (Decree of Dissolution, March 1, 2022)).  The circuit court was unpersuaded.

Following its statutory duty to divide marital assets in just proportions, the circuit court awarded 60% of the marital portion of the retirement account to Mary and 40% to Amos.  We find no error in this or any of the circuit court's determinations.

We presume the constitutionality of statutes.  *Cameron v. EMW Women's Surgical Center, P.S.C.*, 664 S.W.3d 633, 661 (Ky. 2023) (quoting *Commonwealth v. Harrelson*, 14 S.W.3d 541, 547 (Ky. 2000) ("[A] statute is presumed to be constitutional unless it clearly offends the limitations and prohibitions of the Constitution.")).  Unquestionably, KRS 403.190(1) required the circuit court to divide the marital estate in just proportions without regard to marital misconduct.  The court committed no error in following the statute.

We decline to address Mary's argument that KRS 403.190(1) is unconstitutionally vague.  As the circuit court noted, she did not raise the issue

---

[3] The method was developed in *Brandenburg v. Brandenburg*, 617 S.W.2d 871 (Ky. App. 1981).

until she filed a CR 59 motion after the Findings of Fact, Conclusions of Law, and Decree of Dissolution was entered. "A party cannot invoke [CR 59.05] to raise arguments and introduce evidence that could and should have been presented during the proceedings before entry of the judgment." *Hopkins v. Ratliff*, 957 S.W.2d 300, 301 (Ky. App. 1997) (internal quotation marks and citation omitted).

And, before a court entertains a constitutional challenge, there must be strict compliance with KRS 418.075. In her reply brief, Mary informs us she served the Attorney General with the CR 59 motion. That is not good enough.

The statute requires that "[i]n any proceeding which involves the validity of a statute, the Attorney General of the state shall, *before judgment is entered*, be served with a copy of the petition, and shall be entitled to be heard." *Benet v. Commonwealth*, 253 S.W.3d 528, 532 (Ky. 2008) (quoting KRS 418.075(1)). The Supreme Court said, "[W]e reject any contention that merely filing an appellate brief, *which necessarily occurs post-judgment*, satisfies the clear requirements of KRS 418.075." *Id.* Like a brief, a motion pursuant to CR 59 also "necessarily occurs post-judgment" and, therefore, fails to satisfy the express requirements of KRS 418.075(1). In this respect, the rule stated in *Hopkins v. Ratliff*, *supra*, and KRS 418.075(1) are in accord.

Finally, we find no error in the circuit court's division of Mary's retirement account. The increase in value during the marriage of all marital

property is presumed to be marital property. KRS 403.190(3); *Croft v. Croft,* 240 S.W.3d 651 (Ky. App. 2007). This presumption, however, may be rebutted. "The burden of proof is on the party claiming that the increase in value is to be considered nonmarital, and he must satisfy that burden by 'clear and convincing' evidence." *Croft*, 240 S.W.3d at 653 (citing *Brosick v. Brosick*, 974 S.W.2d 498 (Ky. App. 1998)) (emphasis added).

Mary does not offer evidence but argues for a specific mathematical calculation that, if the circuit court or this Court follows, would yield Mary more of the marital portion of her retirement account. In essence, the argument is that Mary's non-marital contributions equal roughly 45% of the total of all contributions and, therefore, she should receive roughly 45% of the increase in the account's value above the total contributions and the parties should divide the remaining 55% of the increase. This argument was rejected in *Roper v. Roper*, 594 S.W.3d 211 (Ky. App. 2019), *as modified* (Jan. 17, 2020).

Craig Roper, like Mary, contributed to his retirement account before marrying and wanted to testify that the interest accrued on his non-marital contribution equaled that accrued on his marital contribution:

> When a particular item of property consists of both marital and nonmarital components, a trial court is required to "determine the parties' separate nonmarital and marital shares or interests in the property on the basis of the evidence before the court." *Sexton v. Sexton*, 125 S.W.3d 258, 265 (Ky. 2004) (quoting *Travis v. Travis*, 59

S.W.3d 904, 909 (Ky. 2001)). "The court must apply the 'source of funds' rule in order to characterize the property or the parties' interests in it as marital or non-marital." *McVicker v. McVicker*, 461 S.W.3d 404, 417 (Ky. App. 2015) (citing *Sexton*, 125 S.W.3d at 265). It was acknowledged by both Craig and Erin that the $3,101.50 in Craig's retirement account at the time of their marriage was Craig's nonmarital property. What was unclear, however, was how much of the account's current balance was attributable to interest earned on the nonmarital portion.

"Tracing" is "[t]he process of tracking property's ownership or characteristics from the time of its origin to the present[.]" *Tracing*, Black's Law Dictionary (11th ed. 2019). "The concept of tracing is judicially created and arises from KRS 403.190(3)'s presumption that all property acquired after the marriage is marital property unless shown to come within one of KRS 403.190(2)'s exceptions." *Sexton*, 125 S.W.3d at 266 (citations omitted). "A party claiming that property, or an interest therein, acquired during the marriage is nonmarital bears the burden of proof." *Id.* (citation omitted). To meet this burden, the party claiming that a portion of the disputed property is nonmarital must provide clear and convincing evidence demonstrating that contention. *Smith v. Smith*, 450 S.W.3d 729, 733 (Ky. App. 2014) (citing *Brosick v. Brosick*, 974 S.W.2d 498, 502 (Ky. App. 1998)).

In this instance, Craig . . . was missing six years' worth of statements from his retirement account, there is no way he could have accurately traced the interest attributable to his nonmarital portion of the account. Because it was clear that Craig could not meet his burden, there was no error on the trial court's part in refusing to allow him to testify on the issue.

*Id.* at 229-30. Like Craig, Mary offered nothing but her testimony that the increase

in her retirement account investments made with her non-marital contributions was

the same as the percentage increase of the retirement account investments made with her marital contributions. As in *Roper*, without statements allowing tracing, such evidence would be speculation.

*Roper* is in accord with *Cobane v. Cobane*, 544 S.W.3d 672 (Ky. App. 2018). Marc Cobane had two retirement accounts and "attributed 7% growth to the 401k . . . , and 8% to the IRA, each compounded annually." *Id.* at 683. He, too, wanted the circuit court to attribute identical growth to his non-marital and marital contributions alike. This Court found that not to satisfy a clear and convincing standard to overcome the presumption that all the increase is marital. "The trial court further noted that Marc did not present any evidence as to the *actual growth* of these accounts during the marriage, except for the beginning and ending numbers. In the absence of such evidence, the court stated that it could not find any portion of the increase in the values of these accounts were attributable to Marc's non-marital contributions." *Id.* (emphasis added). The circuit court here reached the identical conclusion. We find that decision a proper one.

In this Court, Mary makes the same argument Marc Cobane made. We reject it now for the same reasons we rejected it then:

> Marc argue[d] that his testimony alone was sufficient to meet his burden of proof on this issue. We disagree[d]. Marc merely testified to the average growth of these accounts between 2006 and 2016. He did not present any evidence of the effect of his marital contributions to these accounts in this period. Likewise, there was no evidence

-7-

showing the effect of market fluctuations on the value of these respective contributions. Under the circumstances, we conclude that the trial court did not clearly err in finding that Marc failed to rebut the presumption that the increase in the value of Marc's non-marital contributions are marital property.

*Id.* Like Marc, Mary failed to rebut the presumption that all the increase in the value of her non-marital contributions is marital property.

We do note again that in making a division of the marital portion of Mary's retirement account the circuit court awarded her fifty percent more than Amos received. We hold this satisfied the circuit court's obligation under KRS 403.190(1) to distribute marital assets in just proportions.

For these reasons, we affirm.


ALL CONCUR.


BRIEFS FOR APPELLANT:

Richard M. Rawdon, Jr.
Georgetown, Kentucky

BRIEF FOR APPELLEE:

David Higdon
Georgetown, Kentucky