RENDERED:  MAY 8, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0863-MR

JUSTEN LINK                                                          APPELLANT

v.

APPEAL FROM JEFFERSON FAMILY COURT
HONORABLE LAURA P. RUSSELL, JUDGE
ACTION NO. 24-CI-500927

KARA KOCH                                                            APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, CETRULO, AND EASTON, JUDGES.

CETRULO, JUDGE:  Justen Link ("Justen") appeals the May 2025 Jefferson Family Court order dissolving his marriage and determining the value increase of his real property was divisible marital property.  Finding no reversible error and due to Justen's failure to meet his burden, we affirm the family court.

In November 2018, Justen and Kara Koch ("Kara") were married. Sixteen months prior to the marriage, Justen had purchased a home located on

Rawlings Street in Louisville ("Rawlings Street Property"). The record is unclear as to how long and/or if Kara lived at that address with Justen, or the exact date of their separation.

In March 2024, Justen and Kara, both *pro se*, completed and signed a "Self-Help Form 1A Petition for Dissolution of Marriage" together. This jointly completed form stated the couple had no children under the age of 18 and listed the date of separation as December 2023. Both Justen and Kara listed employment at UPS and neither party requested maintenance. Both parties also signed a "Self-Help Form 4A Marital Settlement Agreement." This agreement stated they had no nonmarital or marital property to be divided, and that they had already allocated all their personal property.[1]

In June 2024, Justen and Kara, both *pro se*, appeared at a case management conference. The family court advised both parties that the forms they had submitted were incomplete and needed to be fully completed before the court could proceed. The court also encouraged the parties to retain legal representation because, in part, the Rawlings Street Property might be partially marital, and a quitclaim deed could be necessary for clear title.

---

[1] The family court did not consider this proposed agreement, finding it unconscionable as it did not accurately reflect the assets of the parties.

In July 2024, Kara, through legal counsel, filed a disclosure form stating the parties separated in May 2024, and listed the fair market value of the Rawlings Street Property as $280,000. She indicated she had no information as to the amount of Justen's mortgage on that property. Justen, through legal counsel, completed his own disclosure form also stating the parties separated in May 2024. He indicated the Rawlings Street Property was nonmarital, with a fair market value of $192,280, a mortgage of $137,464, with $54,816 in equity.

At a January 2025 hearing, Kara was no longer represented by counsel, but Justen still retained legal counsel. Again, Justen presented testimony that the Rawlings Street Property was purchased before the marriage, but otherwise neither party presented proof as to value, debt, or equity of the property. The family court continued the hearing, and again instructed the parties to submit complete and updated disclosure statements.

In March 2025, Justen submitted another disclosure statement. This statement listed the date of separation as February 2019, three months after the marriage. He again listed the Rawlings Street Property as having a fair market value of $192,280, but this time reported a mortgage of $114,390, with $77,890 in equity. Kara's updated disclosure form, completed in April 2025, stated the date of separation was July 2024 and listed the same values for the Rawlings Street Property as Justen's most recent disclosure.

-3-

In May 2025, the family court conducted a final hearing. Justen was present with legal counsel and Kara again appeared *pro se*. Following that hearing, the family court issued an order dissolving the marriage ("Dissolution Order"). This Dissolution Order adopted Kara's most recent separation date of July 2024 and determined the parties were married approximately six years.[2] Regarding the Rawlings Street Property, the Dissolution Order stated:

> No testimony was provided regarding whether Justen put a down payment on the property, mortgaged the entire amount, or something in between. At the time he filed his most recent financial disclosure Justen reported having a mortgage with Penny Mac in the amount of $114,390. He further reported the fair market value of the property was $192,280. This establishes that there is currently $77,890 equity in the property.
>
> Justen did not provide any information regarding the value of the property at the time of the marriage. The closest valuation date provided was the value at purchase; $140,00[0] in July 2016. The parties married sixteen months later. Adopting the current value provided by Justen of $192,280, the house has increased in value by $52,280.

The family court determined that as Justen did not prove otherwise, the increase in the home's value must be assumed to be a marital portion of the nonmarital residence. Thus, the family court, in relevant part, awarded Kara

---

[2] The family court noted Justen's inconsistency as he gave (in sequence) dates of separation as December 2023, February 2020, May 2024, and most recently February 2019. We note Kara listed the dates of separation (in sequence) as December 2023, May 2024, and July 2024.

$26,140, "representing half of the appreciation of the Rawlings Street [P]roperty during the parties' marriage[.]"  Justen filed a motion to alter, amend, or vacate the Dissolution Order, but the family court denied his motion.[3]  Justen appealed.

## STANDARD OF REVIEW

The question of whether an item is marital or nonmarital is reviewed under a two-tiered scrutiny in which the factual findings made by the court are reviewed under the clearly erroneous standard and the ultimate legal conclusion denominating the item as marital or nonmarital is reviewed *de novo*.  *Smith v. Smith*, 235 S.W.3d 1, 6-7 (Ky. App. 2006) (citations omitted).  However, as to the division of marital property, the family court has wide latitude.  *Overstreet v. Overstreet*, 144 S.W.3d 834, 839 (Ky. App. 2003) (citation omitted).  As a result, we review the court's determination under the abuse of discretion standard.  *Id*. at 838-39 (citations omitted).  A court abuses its discretion (a) when it relies on clearly erroneous findings of fact; or (b) improperly applies the law or uses an erroneous legal standard; or (c) if its decision was arbitrary, unreasonable, unfair,

---

[3] Justen filed within 10 days and stated the motion was pursuant to Kentucky Rules of Civil Procedure ("CR") 52, 59, and 60, but he did not make rule-specific arguments.  In his motion, he asked the court to vacate its prior order and conduct a hearing on the nonmarital and marital interests.  As a result, the family court treated his motion as one pursuant to only CR 59.05.  Additionally, the notice of appeal states it was from the Dissolution Order and *the order denying his motion to alter, amend, or vacate*, *i.e.*, the order denying his CR 59.05 motion.  However, an order denying a CR 59.05 motion is interlocutory and unappealable as it does not change the underlying order.  *See Ford v. Ford*, 578 S.W.3d 356, 364-66 (Ky. App. 2019).  As such, the order on appeal is only the Dissolution Order.  *See id*.

or unsupported by legal principles. *Id.* at 838 (citations omitted for (a) and (b)); *see also Lawson v. Lawson*, 290 S.W.3d 691, 694 (Ky. App. 2009) (citation omitted) (citing the "test" for abuse of discretion as defined in (c)).

## ANALYSIS

The family court determined the Rawlings Street Property was nonmarital as Justen purchased the property before the marriage, but that the *increase in value* that occurred during the marriage was *marital*. On appeal, Justen asserts the family court erred in determining the increase in the Rawlings Street Property was divisible marital property.[4] He asserts the evidence was clear that the property was purchased prior to marriage and that there was no evidence that Kara contributed to any increase in value.[5] However, we do not agree as Justen's argument improperly shifts his burden, the burden he failed to meet.

In a dissolution action, the family court must divide marital property in just proportions. KRS[6] 403.190. Property acquired during the marriage is

---

[4] Kara did not file an appellate brief, but this failure is not dispositive in light of Justen's failure to meet his burden before the family court.

[5] Justen also argues the family court erred in considering values that were in financial disclosures filed with the clerk, but not introduced into evidence at the final hearing. We find no merit to this argument as the family court had ordered those documents filed, and once they were, there was no reason why the court could not consider those verified filings as part of the record. "[I]t is a well-established principle that a trial court may take judicial notice of its own records and rulings, and of all matter patent on the face of such records, including all prior proceedings in the same case." *M.A.B. v. Commonwealth Cabinet for Health & Fam. Servs.*, 456 S.W.3d 407, 412 (Ky. App. 2015) (citation omitted).

[6] Kentucky Revised Statute.

presumed to be marital unless it falls under one of the five enumerated exceptions set forth in KRS 403.190(2). *Barber v. Bradley*, 505 S.W.3d 749, 754-55 (Ky. 2016). Under KRS 403.190(2)(e), marital property excludes the "increase in value of property acquired before the marriage to the extent that such increase *did not* result from the efforts of the parties during marriage." (Emphasis added.) The inverse is also true: "an increase in value of property that *did* result from the efforts of the parties during marriage should be considered marital property." *Croft v. Croft*, 240 S.W.3d 651, 654 (Ky. App. 2007) (citing *Goderwis v. Goderwis*, 780 S.W.2d 39, 40 (Ky. 1989)); *see also Overstreet*, 144 S.W.3d at 837 (stating the trial court should divide the gained interest if the value accrued as a result of marital contributions). Stated another way, when the value of nonmarital property is enhanced by using marital funds, the increase in value of the property and the funds contributed in pursuit of that increase are subject to division as marital property. *Smith v. Smith*, 497 S.W.2d 418, 419 (Ky. 1973) (citing *Sharp v. Sharp*, 491 S.W.2d 639 (Ky. 1973)) (finding an increase in value due to "team effort" would be marital property, but *not* an increase "caused by general economic conditions"). Critically important here, the party claiming that the increase in value is to be considered *nonmarital*, bears the burden of proving it, and failure to do so "will result in the increase being characterized as marital property." *Travis v. Travis*, 59 S.W.3d 904, 911 (Ky. 2001) (citations omitted). That burden is

through clear and convincing evidence. *Croft*, 240 S.W.3d at 653 (citing *Brosick v. Brosick*, 974 S.W.2d 498, 502 (Ky. App. 1998)).

Here, the family court determined the couple was married "around six years," noting the November 2018 marriage and July 2024 separation date. The Dissolution Order relied on Kara's July 2024 separation date and not Justen's "wildly varying dates." These factual findings are not clearly erroneous as they are not arbitrary, unreasonable, unfair, or unsupported by legal principles. *See Lawson*, 290 S.W.3d at 694 (citation omitted).

Further, the family court did determine that the Rawlings Street Property was nonmarital, but the increase in value of that property *was* marital. More specifically, the court recognized that 16 months prior to the marriage, Justen purchased the Rawlings Street Property for $140,000, and Justen's most recent fair market value for the property was $192,280. (The court did *not* use Kara's higher fair market value of $280,000.) Utilizing these numbers that Justen provided, the court determined the property increased in value by $52,280. The court noted Justen did not provide any information regarding the value of the property at the time of the marriage, payments he made toward the mortgage, nor any testimony regarding general economic conditions or any other reason that might have caused the property on Rawlings Street to appreciate in value. These factual findings by

the family court are not clearly erroneous as they relied upon the information Justen supplied (and/or failed to supply) to the court.

Applying these factual findings, the court determined the increase in value ($52,280) was marital property because the court must assume – without evidence to the contrary – that the totality of the increase in value was a result of the parties' joint efforts. More specifically, the Dissolution Order correctly recited the state of the law and held:

> The Kentucky Supreme Court has held that "when property acquired during the marriage includes an increase in the value of an asset containing both marital and nonmarital components, trial courts must determine from the evidence why the increase in value occurred." [*Travis*, 59 S.W.3d at 910]. Further, the Court held that the statutory language above "creates a presumption that any such increase in value is a result of the joint efforts of the parties." *Id*.
>
> Kentucky's Court of Appeals has specifically applied the holding in *Travis* to assets purchased prior to marriage. [*Croft*, 240 S.W.3d 651]. The *Croft* Court held that, even with assets purchased prior to the marriage, any increase in the asset's value subsequent to the marriage will be presumed marital. "The burden of proof is on the party claiming that an increase in value is to be considered nonmarital, and he must satisfy that burden by "clear and convincing" evidence. [*Id*. at 653-54 (citing *Brosick*, 974 S.W.2d at 502]).

We agree with the family court that, considering the information provided by the parties, it was required to assume the totality of the increase in value was a result of the parties' joint efforts and the increased value of $52,280 is

marital property to be divided in just proportions. *See* KRS 403.190. The family court held numerous hearings and instructed the parties to retain counsel and provide updated information. Justen, unlike Kara, was represented through the majority of the proceedings before the lower court and during the final hearing. The court repeatedly asked the parties if they had further information to provide. Despite this, Justen failed to provide the court further information about the value of the home at the time of the marriage or evidence as to contributions of either party to the increase in value of the property.

True, in such instances, the family court should determine the cause for the increase. *See Travis*, 59 S.W.3d at 910 (quoting *Goderwis*, 780 S.W.2d at 40). However, the family court cannot make findings from evidence not presented. The court requested and reminded the parties of their need to produce evidence required for additional findings. Neither party established whether the increase in value of the marital residence was due to general economic circumstances, contributions of both, or sole efforts. The burden of proof was on Justen as he was the party claiming that the increase in value was to be considered nonmarital. *See Croft*, 240 S.W.3d at 653-54 (citations omitted). Justen failed to meet his burden. *See id*. The failure to meet this burden resulted "in the increase being characterized as marital property." *Travis*, 59 S.W.3d at 910-11 (citation omitted) ("By virtue of the KRS 403.190(3) presumption [– that all property acquired by

either spouse after the marriage and before a decree of legal separation is marital property –], the failure to do so will result in the increase being characterized as marital property.")

Ultimately, the family court's factual findings are not clearly erroneous, and the family court did not misinterpret the law nor abuse its discretion in equally dividing the property value increase in just proportions.

## CONCLUSION

Accordingly, we AFFIRM the Jefferson Family Court.

ALL CONCUR.

BRIEF FOR APPELLANT:                    NO BRIEF FOR APPELLEE.

Jennifer L. Frederick
Louisville, Kentucky