RENDERED: JULY 11, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0194-MR

EDWARD COLEMAN                            APPELLANT

APPEAL FROM POWELL FAMILY COURT
v.       HONORABLE JENIFFER B. NEICE, SPECIAL JUDGE
ACTION NO. 21-CI-00002

MICHELLE COLEMAN                        APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: LAMBERT, McNEILL, AND TAYLOR, JUDGES.

LAMBERT, JUDGE: Edward Coleman appeals the Powell Family Court's October 5, 2023, findings of fact, conclusions of law, and decree of dissolution in so far as it resolves the parties' real property. After careful review of the briefs, record, and law, we affirm.

## BACKGROUND FACTS AND PROCEDURAL HISTORY

As part of the parties' dissolution proceedings, the court held a final hearing on May 10, 2023. At the outset, Edward's counsel informed the court that the parties had stipulated or agreed to list three properties, namely, 500, 885, and 1098 Echo Hollow Road, for sale but that they still wanted to conduct a hearing on the issue of nonmarital contributions to those properties.

Edward noted that a deed had not been recorded for the 885 Echo Hollow property, and Michelle confirmed that this was because there was a dispute about whether her adult children had contributed funds for its purchase. The court expressed reservations as to disposing of the property because the adult children were not parties to the dissolution action. Michelle conceded that the court raised a valid concern and expressed her agreement to reserve disposition on 885 Echo Hollow and to only have the court order the sale of the other two properties. Edward disagreed, however, asserting that Michelle and the adult children were merely trying to thwart his marital interest and that the adult children had no genuine interest in the property. The court stated that it was willing to accept the stipulation as to what the parties would like to have happen, but that it was not willing to accept it as an agreement without fleshing out whether there was a legitimate third-party claim to the property. The parties thereafter presented

testimony about their claimed interest in the properties; we need not discuss the specifics for this appeal.

On October 5, 2023, the court entered a final order resolving the parties' real property claims. The 1098 Echo Hollow Road property was awarded to Michelle after the court found that she had purchased the property with nonmarital funds and that the property's value increased due to general economic conditions, less $50,000.00, which the appraiser attributed to a pole barn constructed using marital funds. Edward was awarded $25,000.00, representing his share of the marital interest. The 500 Echo Hollow Road property was also awarded to Michelle, the court having found that she purchased the property with nonmarital funds and that it had not increased in value. Concluding that the 885 Echo Hollow Road property was "not properly before" it, the court declined to rule on its disposition.

Edward then filed a barebones motion to alter, amend, or vacate, pursuant to Kentucky Rules of Civil Procedure (CR) 59.05. In his subsequent memorandum in support, Edward argued for the first time that the court should have awarded a "chose in action" related to the parties' marital and nonmarital interest in the 885 Echo Hollow Road property, so that the parties could then

-3-

litigate with the title owner in a separate action. The court summarily denied the motion via a January 18, 2024, order, and this timely appeal followed.[1]

## STANDARD OF REVIEW

Because Edward raises only issues of law, our review is *de novo*. *Smith v. McCoy*, 635 S.W.3d 811, 814 (Ky. 2021) (citing *S. Fin. Life Ins. Co. v. Combs*, 413 S.W.3d 921, 926 (Ky. 2013)).

## ANALYSIS

Edward's first claim is that the court erred in failing to divide or to otherwise award a chose in action related to the 885 Echo Hollow Road property. In making this argument, Edward has not contested the court's determination that it did not have the authority to dispose of this real property due to competing claims of title by third parties not involved in the dissolution proceedings. Instead, Edward reasserts his claim that the court was then obligated to treat the parties' interest in the property as a chose in action – a personal property right – and to dispose of it in the usual method mandated by Kentucky Revised Statutes (KRS) 403.190.

---

[1] Edward designated the January 18, 2024, order in his notice of appeal; however, orders denying CR 59.05 are not appealable. *Ford v. Ford*, 578 S.W.3d 356, 366 (Ky. App. 2019). Applying the rule of substantial compliance, we will review the final order entered October 25, 2023.

Michelle argues that the court did not err, because a chose in action leaves unaddressed the overarching issue of whether the parties had any interest in the property. We agree with Michelle, albeit on different grounds, that the court did not err.

> *Black's* defines and discusses the term "chose in action" as follows: chose in action. (17c) 1. A proprietary right in personam, such as a debt owed by another person, a share in a joint-stock company, or a claim for damages in tort. . . . 2. The right to bring an action to recover a debt, money, or thing. 3. Personal property that one person owns but another person possesses, the owner being able to regain possession through a lawsuit. – Also termed *thing in action*. BLACK'S LAW DICTIONARY (9th ed. 2009).
>
> "Chose, or, thing in action is, when a man hath cause, or may bring an action for some duty due to him; as an action of debt . . . and because they are things whereof a man is not possessed, but for recovery of them is driven to his action, they are called things in action." *Termes de la Ley* 85 (1st Am. ed. 1812).

*Wehr Constructors, Inc. v. Assurance Co. of Am.*, 384 S.W.3d 680, 685 n.7 (Ky. 2012).

These definitions make plain that a chose in action, a personal property right in and of itself, relates to actions to recover personal property or enforce rights to personal property, not real property. The caselaw cited by the parties also pertains exclusively to private property interests. In *Wehr*, the issue was whether an anti-assignment clause in a liability insurance contract prevented

the insured from assigning its compensation rights after a loss had occurred, and in *Grasch v. Grasch*, 536 S.W.3d 191 (Ky. 2017), the Court considered whether contingent fee agreements executed by the husband, who was an attorney, were marital property to be distributed upon dissolution. In both cases, the Court found that a chose in action existed, a right to recover insurance proceeds or to pursue a client's legal claims and receive a portion of any monetary award.

This case, however, is distinguishable. Although Edward attempts to draw an equivalency because a legal action will be required to resolve ownership of the property and for him to ultimately receive any proceeds through an eventual sale of the property, we disagree. The necessary action is one for real estate, not for an obligation owed on a debt. To summarize, although a chose in action is divisible in a dissolution proceeding, no chose in action exists in this case. For these reasons, we find no error.

Next, Edward argues that the court committed reversible error by failing to honor the parties' stipulations that the 500 and 1098 Echo Hollow Road properties would be sold to resolve their valuations. He maintains that the court was obligated to accept the stipulations unless it concluded that the parties' agreement was unconscionable, citing KRS 403.180(2), or that it had been obtained through fraud, duress, or misrepresentation of material facts, or that a change in circumstances since its execution rendered it unfair and unreasonable,

citing *Blue v. Blue*, 60 S.W.3d 585 (Ky. App. 2001), and *Ford v. Ford*, 578 S.W.3d 356 (Ky. App. 2019).

KRS 403.180(1)-(2) provide that: "[t]o promote amicable settlement of disputes between parties to a marriage attendant upon their separation or the dissolution of their marriage, the parties may enter into a *written* separation agreement" and that, with an exception not applicable herein, the terms are binding on the court unless it finds the agreement unconscionable. (Emphasis added.) Edward concedes that the agreement he seeks to enforce was not reduced to writing. Because Edward has failed to establish a valid written agreement as provided by statute, the court was not required to adhere to its terms, regardless of whether the terms were conscionable, the agreement was knowing and voluntary, or there had been no change in circumstances. *See Bratcher v. Bratcher*, 26 S.W.3d 797, 799 (Ky. App. 2000) (wherein the Court held that an oral agreement regarding disposition of property that was made in contemplation of the dissolution of marriage was not valid).

For similar reasons, we reject Edward's next claim that the court's failure to accept the parties' oral stipulations erroneously infringed on their right to contract. Again, as acknowledge by Edward, KRS 403.180 dictates how parties, in contemplation of the dissolution of their marriage or separation, may resolve their disputes. The statute expressly requires a written agreement, and this requirement

has not been met. Merely using the more generic term of a contract does not change this analysis.

Finally, Edward argues that the court should have adhered to the parties' agreement and distributed the land based on market values instead of simply following the values assigned by the appraiser. He asserts that *Brandenburg v. Brandenburg*, 617 S.W.2d 871, 872 (Ky. App. 1981), bound the family court's hands as, he argues, the *Brandenburg* Court recognized that the value of the marital property "is determined at the time of distribution which can be when property is sold."[2] Edward then asserts that the family court determined that he "was owed a portion of the sale due to [a] barn being constructed[,]" although no sale was ordered by the court, and that the appraisal value should have been only a benchmark as to his portion, not the definitive sum.[3]

Frankly, this argument is convoluted. What is clear, however, is that the claim turns on the family court's being required, by virtue of the parties' stipulations, to order the sale of the property. As we have concluded that the court

---

[2] The relevant portion of *Brandenburg* actually states "Equity . . . is defined as the equity in the property at the time of distribution. This may be either at the date of the decree of dissolution, or, if the property has been sold prior thereto and the proceeds may be properly traced, then the date of the sale shall be the time at which the equity is computed." 617 S.W.2d at 872.

[3] Edward also did not identify what property he is referencing, but from the facts we presume he refers to the disposition of the 1098 Echo Hollow Road property.

was not required to adopt the parties' stipulations, we need not address this claim any further.

## CONCLUSION

For the foregoing reasons, the judgment of the Powell Family Court is AFFIRMED.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Dodd D. Dixon
Winchester, Kentucky

BRIEF FOR APPELLEE:

Matthew I. Boggs
Lexington, Kentucky