RENDERED:  JULY 25, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0507-MR

JEFFREY WAYNE LYONS                                          APPELLANT


APPEAL FROM BULLITT FAMILY COURT
v.        HONORABLE ELISE GIVHAN SPAINHOUR, JUDGE
ACTION NO. 22-CI-00357


KRISTIN RENEE LYONS                                          APPELLEE


OPINION
AFFIRMING IN PART, VACATING IN PART,
AND REMANDING

** ** ** ** **

BEFORE:  EASTON, L. JONES, AND McNEILL, JUDGES.

McNEILL, JUDGE:  In this dissolution action, Jeffrey Wayne Lyons ("Jeffrey")
appeals from the Bullitt Family Court's division of proceeds from the sale of the
parties' marital residence.  We affirm in part, vacate in part, and remand.

## BACKGROUND

Jeffrey and Kristin Renee Lyons ("Kristin") were married in January 2020. At that time, Kristin owned a residence on Justin Trail that she had purchased in 2017. Jeffrey and Kristin lived briefly in the Justin Trail home before selling it in June 2020 and buying a home on Oak Creek Drive for $393,000. The couple lived at the Oak Creek property for almost two years until they separated in April 2022. They sold the property several months later for $525,000, resulting in a profit of $151,727. Jeffrey filed a petition for dissolution of marriage in June 2022, and the family court issued a decree of dissolution in December 2023, reserving the division of proceeds from the sale of the Oak Creek property.[1]

At a hearing on that issue, the family court heard testimony from Kristin, Jeffrey, and appraiser Ray Suell. Kristin testified that she paid a down payment of $51,000 on the Justin Trail home and estimated the mortgage principal reduction was $6,000 at the time of sale. She further testified that they used $51,000 of the proceeds from the sale of the Justin Trail property as a down payment on the Oak Creek home. By the time they sold the Oak Creek home, Jeffrey and Kristin had reduced the mortgage principal by around $10,438.

---

[1] Although the record is unclear, Jeffrey's appellant brief states that all other issues were resolved by agreement. Brief of Appellant, Jeffrey Wayne Lyons, p. 8.

According to Jeffrey, he made several improvements to the Oak Creek property that increased its value. He testified that he painted the interior walls, refinished the hardwood floors, painted the cabinets, and painted the deck. He and Kristin also installed a concrete basketball court at the back of the property, which he painted the lines on. Additionally, his income helped pay the mortgage on the Oak Creek home.

Mr. Suell testified that from 2016 to 2020, the median price of single-family homes in Bullitt County increased by 29%. The market saw a further 23% price increase from 2020 to 2022. He opined that the Oak Creek property's increase in value was due solely to market conditions. Mr. Suell did not believe Jeffrey's claimed improvements contributed to the home's appreciation.

Following the hearing, the family court entered findings of fact and conclusions of law, awarding most of the home's increase in value to Kristin as her nonmarital property. The family court found that $50,107.50 of the Justin Trail proceeds was Kristin's nonmarital property, and the remaining $892.50 was marital property. Therefore, using the proceeds to purchase the Oak Creek property created marital and nonmarital interests in the Oak Creek property and the proceeds from its sale.

Citing *Kleet v. Kleet*, 264 S.W.3d 610, 614 (Ky. App. 2007), the court used the "source of funds" rule to characterize the parties' marital and nonmarital

interests. It determined Jeffrey's improvements did not contribute to the property's increase in value, agreeing with Mr. Suell. In so doing, the court implicitly found the property's appreciation was due to general economic conditions. The family court then utilized the *Brandenburg*[2] formula to assign the bulk of the proceeds from the sale of the Oak Creek property to Kristin as her nonmarital property.

Jeffrey filed a motion to alter, amend, or vacate, arguing that Kristin failed to rebut KRS[3] 403.190's presumption that any increase in the value of property acquired after marriage is marital. The family court denied the motion, and this appeal followed.

## STANDARD OF REVIEW

"[A] trial court has wide discretion in dividing marital property; and we may not disturb the trial court's rulings on property-division issues unless the trial court has abused its discretion." *Smith v. Smith*, 235 S.W.3d 1, 6 (Ky. App. 2006), *as modified* (Feb. 10, 2006) (citation omitted). "The question of whether an item is marital or nonmarital is reviewed under a two-tiered scrutiny in which the factual findings made by the court are reviewed under the clearly erroneous standard and the ultimate legal conclusion denominating the item as marital or nonmarital is reviewed de novo." *Id.* (citations omitted).

---

[2] *Brandenburg v. Brandenburg*, 617 S.W.2d 871 (Ky. App. 1981).

[3] Kentucky Revised Statutes.

## ANALYSIS

Jeffrey argues the family court erred in determining that most of the equity in the Oak Creek home was Kristin's nonmarital property. He makes two arguments in support: (1) Kristin's nonmarital down payment on the Oak Creek home should be categorized as a gift, making the proceeds from the sale of the home marital property and (2) Kristin did not overcome the presumption in KRS 403.190 that any increase in the value of property acquired after marriage is marital.

KRS 403.190 establishes a three-step process for the division of property in a marriage dissolution action: "(1) the trial court first characterizes each item of property as marital or nonmarital; (2) the trial court then assigns each party's nonmarital property to that party; and (3) finally, the trial court equitably divides the marital property between the parties." *Travis v. Travis*, 59 S.W.3d 904, 909 (Ky. 2001) (footnotes omitted). "It is presumed that all property acquired during the marriage is marital unless it falls under one of the five enumerated exceptions set forth in KRS 403.190(2)." *Barber v. Bradley*, 505 S.W.3d 749, 754-55 (Ky. 2016).

Jeffrey cites *Barber* and argues that the equity in the Oak Creek home is marital because Kristin's down payment on the home was a gift to the marital estate. First, it does not appear Jeffrey ever made this argument to the family

court.  Regardless, *Barber* is easily distinguishable.  In *Barber*, our Supreme Court held that a party may gift nonmarital funds to the marital estate "by expending those funds . . . on the marital home with *express representations* to the other spouse that the home will be their joint, marital property."  *Barber*, 505 S.W.3d at 759 (emphasis added).  Unlike in that case, here, there is no evidence of any "express representations" by Kristin to Jeffrey that the home would be their joint, marital property.  The family court made no finding that Kristin gifted her down payment on the Oak Creek home to the marital estate, and we find no error.

Jeffrey next argues that Kristin did not overcome KRS 403.190's presumption that the increase in the value of an asset acquired during the marriage is marital.  Because of this presumption, "a party asserting that he or she should receive appreciation upon a nonmarital contribution as his or her nonmarital property carries the burden of proving the portion of the increase in value attributable to the nonmarital contribution."  *Travis*, 59 S.W.3d at 910 (citation omitted).

> When the property acquired during the marriage includes an increase in the value of an asset containing both marital and nonmarital components, trial courts must determine from the evidence *why* the increase in value occurred because where the value of [nonmarital] property increases after marriage due to general economic conditions, such increase is not marital property, but the opposite is true when the increase in value is a result of the joint efforts of the parties.

*Id.* (internal quotation marks and citations omitted). Citing *Travis* and *Maclean v. Middleton*, 419 S.W.3d 755 (Ky. App. 2014), *as modified* (Jan. 10, 2014), Jeffrey claims that "there was no affirmative proof as to why the marital residence increased in value and, as such, the equity was marital." We disagree.

Mr. Suell testified that from 2016 to 2022, the price of single-family homes in Bullitt County increased by 52%. He opined that the Oak Creek property's increase in value was due solely to market conditions. He did not believe that any of the appreciation was attributable to the party's improvements. The family court agreed with Mr. Suell that the improvements were not significant enough to increase the property's value and found there was no "sweat equity" component to the appreciation.

In making this finding, the family court implicitly found that the Oak Creek property's increase in value was due to general economic conditions. Thus, Kristin presented sufficient evidence to rebut KRS 403.190(3)'s presumption that the increase in the value of the home was marital and substantial evidence supported the family court's finding that the appreciation was due to market conditions. The family court then properly utilized the *Brandenburg* formula to assign most of the home's appreciation to Kristin as her nonmarital property. In this regard, we find no error.

However, there appear to be a few typographical errors in the family court's calculations, affecting the final awards. For instance, on page five of its order, in determining the parties' mortgage principal reduction since refinancing the Oak Creek property, it subtracted the mortgage amount at the time of refinancing ($349,197) from the mortgage balance at the time of sale ($343,400) to get $6,197. But the difference should be $5,797.

Also on page five, the family court found that $50,107.50 of the proceeds from the sale of the Justin Trail property was Kristin's nonmarital property, and the remaining $892.50 was marital property. It then found that this $51,000 was used as a down payment to purchase the Oak Creek property. However, at the top of page six, the court lists Kristin's nonmarital contribution to the Oak Creek purchase as $51,107.50 instead of $50,107.50. The $1,000 difference in the figures appears to be a mistake. Both typographical errors impacted the family court's calculations, and we cannot say that the effect was inconsequential. Therefore, we vacate the awards and remand for the family court to make new calculations considering these errors and enter a new order accordingly.

## CONCLUSION

Based on the foregoing, the Bullitt Family Court's order is affirmed in part, vacated in part, and this matter is remanded to the family court for further proceedings consistent with this Opinion.

ALL CONCUR.

BRIEF FOR APPELLANT:

Tammy R. Baker
Shepherdsville, Kentucky

BRIEF FOR APPELLEE:

Michelle M. Chalmers
Louisville, Kentucky